Michael Dewayne POWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–02–00358–CR.

Court of Appeals of Texas,
Waco.

Sept. 27, 2006.

Discretionary Review Refused
Feb. 7, 2007.

N. Grant Kinsey, Kinsey & Lee, Gatesville, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION ON REMAND

FELIPE REYNA, Justice.

A jury convicted Michael Powell of evading arrest in a vehicle, elevated by a prior evading arrest conviction to the level of a third degree felony. We must determine whether evading arrest on foot is a lesser-included offense of evading arrest by vehicle.[1] Because we will conclude that no rational trier of fact could have found that Powell did not use a vehicle during part of his flight from the officer, we will affirm.

■ An offense is a lesser-included offense if it is: (1) "included within the proof necessary to establish the offense charged"; and (2) there is evidence from

---

1. This is the question presented in Powell's fourth issue. The Court addressed Powell's other issues on original submission and reversed the conviction on one of those issues. See Powell v. State, 151 S.W.3d 646 (Tex.App.- Waco 2004). The Court of Criminal Appeals reversed and remanded "for consideration of [Powell's] remaining point of error" (i.e., his fourth issue). Powell v. State, 189 S.W.3d 285, 290 (Tex.Crim.App.2006).

which a rational trier of fact could find that, if the defendant is guilty, he is guilty of only the lesser offense. *See Campbell v. State,* 149 S.W.3d 149, 152 (Tex.Crim.App. 2004); *see also* TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981). Thus, we compare the elements of the charged offense with those of the purported lesser offense. *See Guzman v. State,* 188 S.W.3d 185, 188 (Tex.Crim.App.2006); *Campbell,* 149 S.W.3d at 153.

The elements of the charged offense are: (1) a person, (2) intentionally flees, (3) from a peace officer, (4) with knowledge he or she is a peace officer, (5) the peace officer is attempting to arrest or detain the person, (6) the attempted arrest or detention is lawful, and (7) the person "uses a vehicle while . . . in flight." *See* TEX. PEN. CODE ANN. § 38.04 (Vernon 2003); *see also Johnson v. State,* 634 S.W.2d 695, 695 (Tex.Crim.App. [Panel Op.] 1982); *Ester v. State,* 151 S.W.3d 660, 664 (Tex.App.-Waco 2004, no pet.).

█ The elements for evading on foot vary from the elements of evading by vehicle only by omission of the seventh element. Thus, evading on foot is "included within the proof necessary" to prove evading by vehicle. However, there is no evidence in the record from which a rational trier of fact could find that Powell did not use a vehicle while in flight.

█ The record reflects that an officer who was directing traffic asked to see Powell's license and proof of insurance. Powell said he did not have them and put the car in gear. The officer warned that, if Powell drove away, he could be charged with fleeing in a vehicle. Powell did not heed the warning and drove away. The officer ran to his patrol car to give chase. Powell rounded a corner and abandoned the car about 250 feet from the initial encounter. He then continued his flight on foot.

Section 38.04(b) does not require that a person use a vehicle every moment the person is in flight. Rather, the statute requires that "the actor uses a vehicle while the actor is in flight." *Id.* § 38.04(b). Thus, under the plain language of the statute, if the person uses a vehicle during some part of his flight from a peace officer, then he has committed the offense of evading by vehicle.[2]

Here, it is undisputed that Powell drove the car about 250 feet after the officer instructed him not to drive away. Thus, no rational trier of fact could have found that Powell did not use a vehicle "while . . . in flight." *See Guzman,* 188 S.W.3d at 194; *Robinson v. State,* 174 S.W.3d 320, 333 (Tex.App.-Houston [1st Dist.] 2005, pet. ref'd).

Accordingly, we overrule Powell's fourth issue and affirm the judgment.

---

2. Cf. TEX. TRANSP. CODE ANN. § 545.421(a) (Vernon 1999) ("A person commits an offense if the person operates a motor vehicle and wilfully fails or refuses to bring the vehicle to a stop or flees, or attempts to elude, a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop.").