NUMBERS 13-04-282-CR & 13-04-299-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MIGUEL ANGEL MONTOYA LARA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 103rd District Court of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Benavides


Memorandum Opinion by Chief Justice Valdez



 Appellant, Miguel Angel Montoya Lara, appeals his convictions for aggravated
assault of a public servant and evading arrest or detention with a motor vehicle. See Tex.
Pen. Code Ann. §§ 22.02(b)(2)(B), 38.04(b)(1) (Vernon Supp. 2006). In four points on
appeal, appellant contends that: (1) his conviction for evading arrest in a vehicle should
be barred under double jeopardy principles; (2) defense counsel could not properly
impeach testifying officers because he was unaware of the actual corruption within law
enforcement in Cameron County; (3) the State waived any application of the enhancement
count because it did not make an election as to which part of the enhancement count
would be applicable and; (4) the trial court erred in not providing the jury with the proper
burden of proof. We reverse in part, and affirm in part.

I. Factual and Procedural Background 

 On December 10, 2003, appellant led Cameron County Sheriff deputies on a high-speed automobile chase through the Los Fresnos area. The chase began after four
deputies recognized that appellant's vehicle fit the description of an automobile reportedly
used in a burglary. Testimony taken from the deputies indicated that appellant, on more
than one occasion, maneuvered his vehicle to hit police units that were involved in the
chase. The automobile chase ended when appellant swerved into a vacant lot. There, he
lost control of the vehicle, and, upon regaining control, he drove back in the direction of the
officers and crashed into a police unit. Appellant then got out of his car and fled from the
police on foot. Sheriff Deputy Manuel Trevino testified that as he gave chase, appellant
pulled out a handgun and fired directly at him. Deputy Trevino then removed his weapon
and fired back at appellant. Cameron County Constable Carlos Mendez also testified that
appellant fired two shots at him as he encountered appellant along the edge of a sugar
cane field. Appellant was eventually apprehended in a nearby neighborhood. 

 In January, 2004, appellant was indicted on one count of aggravated assault on a
public servant. Tex. Pen. Code Ann. § 22.02(b)(2)(B) (Vernon Supp. 2006). (1) In February
2004, another grand jury indicted appellant on five counts of aggravated assault on a
public servant and one count of evading arrest with a motor vehicle. See id. § 38.04(b)(1). (2)
 An enhancement count was alleged in each indictment. See id. § 12.42(c)(1). On motion
by the State, the trial court ordered the consolidation of each offense. See id. § 3.02. In
March 2004, in the County Court at Law No. 1, Cameron County, Texas, appellant pleaded
guilty to evading arrest, a class B misdemeanor. See Id. § 38.04(a). (3) In May 2004, after
a jury trial, appellant was convicted on four counts (4) of aggravated assault of a public
servant and one count of evading arrest or detention with a motor vehicle. See id. §§
22.02(b)(2)(B), 38.04(b)(1). (5)
 This appeal ensued. 

II. DISCUSSION

A. Double Jeopardy 

 By his first issue, appellant asserts a violation of his constitutional right to protection
from double jeopardy as guaranteed by the Fifth Amendment to the United States
Constitution. u.s. const. amend. V. Specifically, appellant contends that his prior
conviction of evading arrest under section 38.04(a) of the Texas Penal Code should bar
his state felony conviction of evading arrest with an automobile as defined under
38.04(b)(1) of the Texas Penal Code. See Tex. Pen. Code Ann. §§ 38.04(a), (b)(1) (Vernon
Supp. 2006). Specifically, appellant contends that a single episode of flight from police
officers cannot support conviction for two counts of evading arrest. We agree. 

 The Fifth Amendment of the United States Constitution provides that a person shall
not be "subject for the same offense to be twice put in jeopardy of life or limb." See u.s.
const. amend. V. The Texas Constitution likewise provides: "No person, for the same
offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon
trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." 
tex. const. art I, § 14. Conceptually, the state and federal constitutional provisions are
identical. Phillips v. State, 787 S.W.2d 391, 393 n.2 (Tex. Crim. App. 1990). 

 The two provisions protect against (1) a successive prosecution for the same
offense after acquittal, (2) a successive prosecution for the same offense after conviction,
and (3) multiple punishments for the same offense. Castillo v. State, 186 S.W.3d 21, 25
(Tex. App.--Corpus Christi 2005, pet. ref'd) (citing Lopez v. State, 108 S.W.3d 293, 295-96 (Tex. Crim. App. 2003)). This case implicates the latter two protections. See Iglehart
v. State, 837 S.W.2d 122, 127 (Tex. Crim. App. 1992) (providing successive prosecutions
for theft from homeowner and theft from homeowner's daughter based on single incident
as implicating second two protections).

 Generally, a second prosecution is permitted when "each offense requires proof of
an element that the other offense does not." Watson v. State, 900 S.W.2d 60, 62 (Tex.
Crim. App. 1995) (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)). 
However, the Blockburger test is not applicable when, as here, we are dealing with
multiple violations of a single statutory provision. Vineyard v. State, 958 S.W.2d 834, 837
n. 5 (Tex. Crim. App. 1998) (citing Ex Parte Rathmell, 717 S.W.2d 33, 35 (Tex. Crim. App.
1986)). (6)
 Under these circumstances we apply a different analysis. When a defendant's
conduct allegedly violates the same statute multiple times, we must determine whether the
conduct constitutes more than one offense under the statute. See Ex Parte Cavazos, 203
S.W.3d 333, 336 (Tex. Crim. App. 2006); see also Vineyard, 958 S.W.2d at 837 n.6. This
determination is necessary because, although our state courts are bound by United States
Supreme Court decisions interpreting the scope of double jeopardy, the determination of
what constitutes an offense is largely a matter of state law. Iglehart, 837 S.W.2d at 127. 
If we determine that appellant's conduct comprises but a single offense, "our inquiry is
ended, as a successive prosecution for the same offense after [appellant's] earlier
conviction would be a prima facie violation of the double jeopardy clause." id. 

 Whether a particular statute involves one or more offenses depends on the
legislature's intent and not on the principle of double jeopardy. See Ex parte Hawkins, 6
S.W.3d 554, 556 (Tex. Crim. App. 1999); Iglehart, 837 S.W.2d at 128. The legislature
"defines whether offenses are the same by prescribing the 'allowable unit of prosecution,'
which is a 'distinguishable discrete act that is a separate violation of the statute.'" Id. 

 In the present case, appellant was twice convicted for alleged violations of section
38.04(a) and section 38.04(b)(1) of the Texas Penal Code. See Tex. Pen. Code Ann. §§
38.04(a), (b)(1) (Vernon 2003). Section 38.04(a) provides "a person commits an offense
if he intentionally flees from a person he knows is a peace officer attempting lawfully to
arrest or detain him." Id. Section 38.04(b)(1) elevates the punishment level for the offense
defined in section 38.04(a) when a vehicle is used. Id. Thus, we must determine whether
the legislature intended to allow for separate offenses when different means of locomotion
are used. The court of criminal appeals' decision in Hobbs v. State, 175 S.W.3d 777 (Tex.
Crim. App. 2005), controls our result here. 

 In Hobbs, the Texas Court of Criminal Appeals decided whether a defendant
("Hobbs"), who had fled in his truck from police and then abandoned that truck in a field,
had committed burglary when he later hid in a shed on a nearby property. Id. at 778. 
Hobbs argued that the felony evasion was complete at the point at which he abandoned
the truck and that, at most, he was committing a misdemeanor offense of evading
detention when he hid in the shed. Id. at 778-79. Hobbs claimed that no burglary as
defined in section 30.02(a)(1), (2), of the Texas Penal Code could have been committed,
as this section requires an entry into a habitation with the intent to commit a felony. Id. at
779; See Tex. Pen. Code § 30.02 (a)(1), (2). (7) Thus, the crux of Hobb's argument was that
at most he committed two offenses of evading arrest: (1) one evading arrest offense that
was completed when he abandoned his vehicle, and (2) a second evading arrest offense
that began when he continued his flight on foot. Id. The court of criminal appeals
disagreed, concluding that the plain language of 38.04(a) does not define separate
offenses (or "allowable units of prosecution") when different means of locomotion are used. 
Id. (8)
 Thus, the felony offense of evading, as defined by 38.04(b)(1), continued even as
Hobbs entered the shed on foot and hid. Id. at 781.

 Although the issue in Hobbs varies slightly from the issue here, we consider it
instructive in its construction and application of section 38.04. Here, as in Hobbs, appellant
evaded the police both by automobile and on foot. The State asserts, like Hobbs, that
appellant committed two distinct criminal offenses: (1) the class B misdemeanor of evasion
on foot, and (2) the felony evasion by vehicle. Because the court of criminal appeals is
clear in holding that the language of 38.04(a) "plainly does not define separate offenses,"
id. at 779, we hold that, for purposes of double jeopardy, the state is precluded from
seeking multiple convictions of evading arrest when the criminal act is one continuous
course of conduct with only the means of locomotion changing. To hold otherwise would
contradict the court's construction of section 38.04 and its ruling that the state felony of
evading arrest pursuant to section 38.04(b)(1) continued even though Hobbs abandoned
his vehicle and was later apprehended on foot. Id. Thus, having determined that no
separate "allowable units of prosecution" exist under section 38.04, we hold that appellant's
separate convictions under 38.04(a) and 38.04(b)(1) were in violation of the Double
Jeopardy Clause, as provided by the Fifth Amendment of the U.S. Constitution. us const.
amend. V.; See Tex. Pen. Code Ann. § 38.04(a), (b)(1) (Vernon 2003). We sustain
appellant's first issue. We now consider the proper remedy for this violation. The guarantee against double jeopardy protects against a second prosecution for
the same offense following a conviction. Illinois v. Vitale, 447 U.S. 410, 415 (1980). For
the guarantee to apply, however, the former conviction must have been upon the same act
for which the state is again seeking prosecution. Luna v. State, 493 S.W.2d 854, 855 (Tex.
Crim. App. 1973). Because the court of criminal appeals has labeled the act of evading
arrest, whether it be by foot or vehicle, as one continuous offense, we hold that, for
purposes of double jeopardy, the two offenses are the same. Hobbs,175 S.W.3d at 781. 
Thus, where the state seeks and obtains a conviction for the greater offense of evading
arrest by vehicle, under section 38.04(b)(1), any subsequent conviction based on evading
arrest by foot will be barred. Likewise, a previous conviction on the lesser misdemeanor
evading arrest, under section 38.04(a), will bar a subsequent conviction for the greater
felony evading arrest by vehicle. (9) This conclusion holds true to the court of criminal
appeals' statutory construction of 38.04 and its determination that the Texas legislature did
not intend for the statute to define separate offenses. See Sanabria v. United States, 437
U.S. 54, 69-70 (1978), Bell v. United States, 349 U.S.81, 84 (1955), Braverman v. United
States, 317 U.S. 49, 54 (1942), see also Brown v. Ohio, 432 U.S. 161, 169 (1977) (holding
that when a statute sets no temporal limits on an offense, a prosecutor may not bring
multiple charges by arbitrarily dividing a range of time into separate fragments). Here,
jeopardy attached once appellant was convicted of the lesser offense of evading arrest on
foot. We, therefore, reverse appellant's conviction of evading arrest with a motor vehicle.

B. Right to Impeach

 In his second issue, appellant contends that he was denied an opportunity to
properly impeach the State's witnesses because he did not know about the state of
corruption that existed within the Cameron County Sheriff's office at the time of his arrest
and at the time of his trial. Appellant asserts that the right to cross-examine is essential
to due process, and without any evidence to implicate that the investigation process itself
was tainted, appellant was not able to develop any facts to substantiate his theory of the
case. 

 To preserve error, there must be a timely, specific objection. See Tex. R. App. P.
33.1. Even constitutional error may be waived by failure to object at trial. Briggs v. State,
789 S.W.2d 918, 924 (Tex. Crim. App. 1990). Failure to object to error under the
Confrontation Clause waives the issue for appellate review. Wright v. State, 28 S.W.3d
526, 536 (Tex. Crim. App. 2000). Here, the record is devoid of any Confrontation Clause
objection. Thus, appellant has not preserved the issue for this court's review. 

C. Enhancement Count

 In his third issue, appellant asserts that because the State made no election as to
whether the enhancement count would be used to enhance the aggravated assault
felonies or to enhance the evading arrest state jail felony to a second degree, the State
waived its claim to enhance either sentence. Our review of the punishment phase of the
trial indicates that appellant made no objection to the application of the enhancement count
concerning the range of punishment, nor did he raise any objection based on the issue he
now raises in his brief. Because no timely objection was made, appellant has waived the
issue on appeal. Tex. R. App. P. 33.1; see Quintanilla v. State, 777 S.W.2d 474, 479 (Tex.
App.--Corpus Christi 1989, pet. ref'd). 

D. Jury Charge 

 In his fourth and final issue, appellant attacks the validity of the jury charge. 
Appellant contends that the trial court did not instruct the jury with the proper burden of
proof. He complains because the jury charge did not state what burden the State had to
prove when a defendant is proposing a contrary explanation for the State's evidence. 
Specifically, appellant contends that because the charge did not require the State's
evidence to eliminate all reasonable doubt, in effect, this shifted the burden of persuasion
on the defendant. 

1. Standard of Review

 To preserve jury charge error on appeal, a party must object to any alleged error
within the charge at the time of the trial. See Tex. Code. Crim. Proc. Ann. art. 36.19
(Vernon 2006). A defendant waives any error in the charge when he does not object at
trial. See Wilson v. State, 835 S.W.2d 278, 280-81 (Tex. App. --Beaumont 1992, pet.
ref'd). If a party does not properly object, we look at the error in the submission of the
charge to determine if it constitutes fundamental error. See Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985) (en banc) aff'd, 724 S.W.2d 805 (Tex. Crim. App. 1986). 
To constitute fundamental error, the error must be so egregious and create such harm that
the appellant did not receive a fair and impartial trial. See Almanza, 686 S.W.2d at 172. 
We review the record in light of the entire jury charge to determine the actual, not just
theoretical, harm to the appellant. See Almanza, 686 S.W.2d at 174.

2. Analysis

 In the present case, appellant did not object to the jury charge. Thus, to obtain a
reversal of his conviction, he must show that the error caused him egregious harm. Id. The
record makes no such showing. Appellant's only contention that the jury charge must
contain an instruction that the State must disprove any theory of defense - "alternative
reasonable hypothesis construct"- has been expressly rejected by the Texas Court of
Criminal Appeals. See Geesa v. State, 820 S.W.2d 154, 159 (Tex. Crim. App. 1991) rev'd
on other grounds, 820 S.W.2d 154 (Tex. Crim. App. 1991); see also Zavala v. State, 89
S.W.3d 134, 139 (Tex. App.--Corpus Christi 2002, no pet.) (holding that "the reasonable
hypotheses analytical construct was overturned in Geesa, and no longer binds this Court."). 
Thus, appellant's fourth issue is overruled.

III. CONCLUSION

 Having found a violation of appellant's constitutional protection against double
jeopardy, we reverse appellant's two-year state felony evading with a motor vehicle
conviction as alleged in cause number 2004-CR-213-D (count six). See Tex. Pen. Code
Ann. § 38.04(b)(1) (Vernon 2003). We affirm appellant's four convictions of aggravated
assault of a public servant as alleged in cause numbers 2004-CR-213-D (counts three,
four, and five) and 2004-CR-56-D (count seven). Id. § 22.02(b)(2)(B).



 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 8th day of February, 2007.
1. This was in cause number 2004-CR-56-D. Once the offenses were consolidated, this offense
became count seven. 
2. This was in cause number 2004-CR-213-D. The indictment alleged five counts (counts one through
five) of aggravated assault on a public servant and one count of evading arrest with a motor vehicle (count
six). 
3. Cause No. 04-CCR-433-A
4. Specifically, appellant was convicted on counts three, four, and five as alleged in cause number
2004-CR-213-D. Appellant was also convicted on count seven as alleged in cause number 2004-CR-56-D.
5. Appellant was sentenced to fifteen years on the four counts of aggravated assault on a public servant
and two years on the state felony of evading arrest or detention with a motor vehicle, all to run concurrently. 


6. In its brief to this court, the State argued, by application of the Blockburger test, that the two
offenses (evading by foot and evading by vehicle) are distinct in themselves. In reaching this conclusion the
State relied on Campbell v. State, 149 S.W.3d 149 (Tex. Crim. App. 2004) for the proposition that although
a comparison of the elements of the crime are influential, so is the time, place, identity, manner, and means
by which the offense was committed. The argument put forth by the State is incorrect for two reasons. First,
a Blockburger inquiry is relevant only where prosecution is sought from "two distinct statutory provisions"
rather than where, like here, repeated offenses of a single statute are alleged. See Ex Parte Hawkins, 6
S.W.3d 554, 556 (Tex. Crim. App. 1999). Second, the court of criminal appeals disclaimed the time, place
identity, manner, and means double jeopardy inquiry in Ortega v. State, 171 S.W.3d 895, 899 (Tex. Crim. App.
2005) (holding that the proper double jeopardy inquiry is to look solely to the statutory elements of the offenses
to determine if they are the same). 


7. The underlying felony in Hobbs was the felony evading arrest.
8. In footnote 6 of the Hobbs opinion, the Texas Court of Criminal Appeals looked favorably to a New
Mexico Court of Appeals opinion supporting the court's finding that division of evading arrest based on
different means of locomotion used during one chase episode "is artificial and not required or contemplated
by the [applicable] statute." State v. LeFebre, 2001 NMCA 9, 130 N.M. 130, 19 P.3d 825, 830-32 (N.M. Ct.
App. 2001). The New Mexico Court held that double jeopardy principles prevented the conviction for two
distinct crimes of evading arrest when, like here, the defendant used a car to elude capture, then abandoned
it, and fled on foot. Id. 


9. This conclusion finds support in the Waco Court of Appeals' recognition of evading arrest on foot as
a lesser included offense of evading arrest by vehicle. See Powell v. State, 206 S.W.3d 142, *3(Tex. App.-
Waco 2006, no pet. h) (official pinpoint not designated). In Powell, the Waco court found that the statutory
elements of evading arrest on foot vary from the elements of evading arrest by vehicle only by omission of
the vehicle element. Id. Thus, the Waco court concluded that evading arrest on foot is "included within the
proof necessary" to prove evading by vehicle, thereby meeting the statutory requisite of a lesser included
offense defined by section 37.09 of the Texas Code of Criminal Procedure. Id.; see also Tex. Code. Crim.
Proc. Ann. art. 37.09 (Vernon 2006). Although we agree with the Waco court that the offense of evading
arrest on foot would be a lesser included offense of evading arrest by vehicle, we emphasize that our
conclusion rest solely on the fact that the court of criminal appeals has defined the act of evading arrest,
whether it be by foot or vehicle, as one continuous offense and its construction of section 38.04(a) as not
defining separate "allowable units of prosecution" based on the means of locomotion. See Cavazos v. State,
203 S.W.3d 333, 336 (Tex. Crim. App. 2006) ("a defendant suffers multiple punishments in violation of the
Double Jeopardy Clause when he is convicted of more offenses than the legislature intended") (citing Ervin
v. State, 991 S.W.2d 804,807 (Tex. Crim. App. 1999)).