IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00278-CR

 

Charles Ralph Bull, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. F39814

 



MEMORANDUM  Opinion



 








            A jury convicted Charles Ralph Bull,
Jr. of possession of less than one gram of methamphetamine.  The court assessed
his punishment at two years’ confinement in a state jail.  Bull contends in his
sole issue that the court erred by refusing his request to charge the jury on
possession of drug paraphernalia as a lesser-included offense.  We will affirm.

            An offense is a lesser-included
offense if it is: (1) “included within the proof necessary to establish the
offense charged”; and (2) there is evidence from which a rational trier of fact
could find that, if the defendant is guilty, he is guilty of only the lesser
offense.  See Campbell v. State, 149 S.W.3d 149, 152 (Tex. Crim. App. 2004);
Powell v. State, 206 S.W.3d 142, 142-43 (Tex. App.—Waco 2006, pet.
ref’d); see also Tex. Code Crim.
Proc. Ann. art. 37.09 (Vernon 2006).  Thus, we compare the elements of
the charged offense with those of the purported lesser offense.  See Guzman
v. State, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006); Campbell, 149
S.W.3d at 153; Powell, 206 S.W.3d at 143.

            “To prove unlawful possession of a
controlled substance, the State must prove that: (1) the accused exercised
control, management, or care over the substance; and (2) the accused knew the
matter possessed was contraband.”  Poindexter v. State, 153 S.W.3d 402,
405 (Tex. Crim. App. 2005); see also Tex.
Health & Safety Code Ann. § 481.115(a) (Vernon 2003) (prohibiting
possession of controlled substance in Penalty Group 1).[1]

            To prove unlawful possession of drug
paraphernalia,             the State must prove that the accused: (1) exercised
control, management, or care over the paraphernalia; (2) knew the matter
possessed was drug paraphernalia; and (3) used or possessed the paraphernalia with
intent to store, contain, or conceal a controlled substance or to ingest, inject,
inhale, or otherwise introduce into the human body a controlled substance.  See State v. Holguin, 861 S.W.2d 919, 920 (Tex. Crim. App. 1993); see also
Tex. Health & Safety Code Ann.
§ 481.125(a) (Vernon 2003) (prohibiting possession of drug paraphernalia).

            A prosecution for possession of drug
paraphernalia requires proof of elements not required for proof of possession
of a controlled substance.  See Holguin, 861 S.W.2d at 920-21; Sims
v. State, 833 S.W.2d 281, 285 (Tex. App.—Houston [14th Dist.] 1992, pet.
ref’d).  Therefore, it is not a lesser-included offense.  See Lomax v. State,
223 S.W.3d 302, 311 (Tex. Crim. App. 2007); Sims, 833 S.W.2d at 285.

We overrule Bull’s sole issue and affirm the
judgment.

 

FELIPE REYNA

Justice

 

Before Chief Justice Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed November 7, 2007

Do not publish

[CR25]

            









[1]
              Methamphetamine is a substance
listed in Penalty Group 1.  See Tex.
Health & Safety Code Ann. § 481.102(6) (Vernon Supp. 2007).