NO. 07-09-00238-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
MAY 20, 2010
--------------------------------------------------------------------------------

 
 NITO JIM GUERRA JR., APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 264TH DISTRICT COURT OF BELL COUNTY;
 
 NO. 63206; HONORABLE MARTHA J. TRUDO, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
 
 A Bell County jury found appellant, Nito Jim Guerra, guilty of evading arrest or detention using a motor vehicle and having been previously convicted of evading arrest or detention, a third-degree felony. The trial court assessed a sentence, enhanced by prior felony convictions, of incarceration for a period of forty years. On appeal, appellant contends that the trial court abused its discretion by admitting (1) evidence of extraneous offenses and (2) victim impact testimony relating to an extraneous offense. We affirm.
 Factual and Procedural History
 In October 2007, Officer Jeffrey Fudge of the Temple Police Department observed a vehicle without a front license plate. Fudge turned his car around to investigate, and the suspect vehicle drove off at a high rate of speed. Fudge activated his emergency lights and sirens and pursued the vehicle. He testified that there was only one occupant in the vehicle as he pursued it. The driver proceeded into a neighborhood, traveling at approximately sixty miles per hour, ran a stoplight, nearly collided head-on with another vehicle, drove between two houses, struck a telephone pole, and crashed into a concrete drainage ditch.
 Fudge got out of his car and ran toward the crash. When he was within twenty-five to fifty feet of the crash, Fudge clearly saw the driver leap from the disabled vehicle and flee on foot. Fudge never lost sight of the driver as he pursued him on foot for about 100 yards. Following this brief chase, the driver, appellant, surrendered and was arrested by Fudge and, subsequently, was charged with evading arrest or detention.
 At trial, appellant called his cellmate, Billy Watkins, who was incarcerated on an unrelated offense and testified that it was he, not appellant, who had been driving the vehicle. Watkins testified that appellant had asked to be let out of the vehicle but Watkins kept driving. Watkins explained that he jumped out of the wrecked car at the same time appellant did but that he was able to escape whereas appellant was apprehended. Fudge testified that he never saw a second occupant in the vehicle he was pursuing and that a second person did not get out of the vehicle following the crash. He also testified that appellant never claimed, prior to trial, that there was a second person in the vehicle with him or that he was not the driver. 
 Evidence of Extraneous Offenses
 Appellant's first issue stems from Watkins's testimony that it was he, rather than appellant, who was driving the vehicle and that appellant had asked to be let out of the vehicle. Following and in response to Watkins's testimony, the State offered evidence of three prior convictions of appellant: a 2006 conviction for burglary, a 2005 conviction for possession of a controlled substance, and a 1999 conviction for aggravated assault.
 Appellant objected, arguing that Watkins's testimony that appellant asked to be let out of the vehicle was nonresponsive and did not open the door to evidence of extraneous offenses. The State argued that the evidence of extraneous offenses was proper impeachment evidence of appellant's out-of-court statement and was relevant to rebut appellant's defensive theory that Watkins, rather than appellant, was driving the truck when police were pursuing it. The extraneous offense evidence, the State claimed, illustrated appellant's motive to advance this theory: to avoid an enhanced sentence of twenty-five years to life imprisonment. So, the evidence was relevant, according to the State, to illustrate motive for appellant to fabricate this defensive theory challenging the element of identity. The trial court agreed and admitted the evidence with a limiting instruction that the jury was to consider the evidence only for the purposes of showing motive to fabricate the version of events that included Watkins as the driver and impeaching appellant's statement to Watkins that he wanted out of the vehicle. 
Standard of Review
 Whether objected-to evidence of "other crimes, wrongs, or acts" has relevance apart from character conformity is a question for the trial court. Tex. R. Evid. 404(b), Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g). The trial court must conclude that the evidence tends, in logic and common experience, to serve some purpose other than character conformity to make the existence of a fact of consequence more or less probable than it would be without the evidence. Id. Because the trial court is in the best position to make the call on such substantive admissibility issues, we review its admissibility decision under an abuse of discretion standard. Powell v. State, 63 S.W.3d 435, 438 (Tex.Crim.App. 2001); Montgomery, 810 S.W.2d at 391. This standard requires us to uphold the trial court's admissibility decision when that decision is within the zone of reasonable disagreement. Powell, 63 S.W.3d at 438. Moreover, we will sustain a trial court's decision regarding admissibility of evidence if it is correct on any theory of law applicable to the case. Romero v. State, 800 S.W.2d 539, 543 - 44 (Tex.Crim.App. 1990).
Exclusion of Evidence under Rule 404(b), Exceptions
 Evidence of other crimes, wrongs, or acts is not admissible "to prove the character of a person in order to show action in conformity therewith"; however, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, or identity. Tex. R. Evid. 404(b); Williams v. State, 301 S.W.3d 675, 687 (Tex.Crim.App. 2009). The State maintains that Rule 404(b) permits this evidence for the purposes of showing the identity of the driver and rebutting appellant's defensive theory that Watkins was driving and refused to let appellant out of the vehicle.
 Relevant evidence of a person's bad character may be admissible when it is relevant to a non-character fact of consequence in the case, such as rebutting a defensive theory. Powell, 63 S.W.3d at 438; Montgomery, 810 S.W.2d at 387 - 88. Additionally, evidence of motive is always relevant and admissible to prove that a defendant committed the offense alleged. Crane v. State, 786 S.W.2d 338, 349 - 50 (Tex.Crim.App. 1990); Keen v. State, 85 S.W.3d 405, 413 - 14 (Tex.App. -- Tyler 2002, pet. ref'd). Evidence of extraneous conduct may be offered to prove motive under Rule 404(b) if the evidence tends to raise an inference that the defendant had a motive to commit the offense. Crane, 786 S.W.2d at 350. Put another way, such evidence is admissible under Rule 404(b) if "it tends to establish some evidentiary fact, such as motive . . ., leading inferentially to an elemental fact [such as identity or intent]." Powell, 63 S.W.3d at 438 (quoting Montgomery, 810 S.W.2d at 387 - 88).
Applicable Law
 As noted, the Texas Supreme Court transferred this case to this Court from the Waco Court of Appeals. That being so, we must decide this case "in accordance with the precedent of the transferor court under the principles of stare decisis" if our decision otherwise would have been inconsistent with the precedent of the transferor court. Tex. R. App. P. 41.3; Phillips v. Phillips, 296 S.W.3d 656, 672 (Tex.App. -- El Paso 2009, pet. denied). This Court has addressed Rule 404(b) admissibility issues generally. See Williams v. State, 290 S.W.3d 407, 410 - 11 (Tex.App. -- Amarillo 2009, no pet.). However, we have not faced this precise issue. The Waco Court has. See Powell v. State, 151 S.W.3d 646, 650 - 51 (Tex.App. -- Waco 2004), rev'd, 189 S.W.3d 285 (Tex. Crim. App. 2006).
The Waco Court Opinion
 Powell, like appellant, was convicted of evading arrest using a motor vehicle. Id. When Powell presented evidence that it was another man who was driving the vehicle, the State sought to introduce evidence of Powell's motive to evade arrest, specifically that a firearm was found in the vehicle and that Powell was on parole at the time of the offense, and, thus, subject to revocation of parole for carrying a firearm or associating with people carrying firearms. Id. at 650 - 51. On appeal to the Waco Court, Powell complained that evidence of the firearm and his parole status violated Rule 404(b) and was inadmissible under the balancing test of Rule 403. Id. at 650.
 As to the Rule 404(b) issue, the State argued that Powell's parole status tended to raise an inference that he had a motive to flee because, as a parolee, he was prohibited from possessing a firearm or associating with someone in possession of a firearm. Id. The Waco Court agreed:
[T]he evidence surrounding the handgun does at a minimum tend to raise an inference that one of the occupants of the car was in possession of a handgun before they fled on foot from the officer. Thus, this evidence, when considered with Powell's parole status, is relevant to motive.

Id. at 651. The Waco Court identified the underlying "fact of consequence" or "elemental fact" to which the evidence was relevant as identity: "[T]he State offered the evidence in question to prove Powell's motive, which is probative of the disputed `elemental fact' of identity." Id.
 Though it found the evidence of the firearm and Powell's parole status admissible as relevant to motive to evade, the Waco Court ultimately found that the admission ran afoul of Rule 403's balancing test. Id. at 653; see Tex. R. Evid. 403. That is, in light of the relevant considerations, that case was one of the "rare" cases in which the record demonstrated an abuse of discretion. Id. at 652. It further found that admission of the evidence was not harmless. Id. at 652 - 53.
The Texas Court of Criminal Appeals Opinion 
 The Texas Court of Criminal Appeals acknowledged, if not impliedly approved, the Waco Court's application of Rule 404(b): "The Court of Appeals found the evidence was relevant to a noncharacter purpose under Rule 404(b) because it tended to show motive, which in turn tended to show the elemental fact of identity." Powell v. State, 189 S.W.3d 285, 287 (Tex.Crim.App. 2006). It went on, however, to reverse the Waco Court's decision as to the Rule 403 balancing test and remanded the case to the Waco Court for consideration of the "remaining point of error" concerning a lesser-included offense. See id. at 287 - 90.
The Opinion on Remand
 On remand, the Waco Court addressed only the lesser-included offense issue. Powell v. State, 206 S.W.3d 142 - 43 (Tex. App. -- Waco 2006, pet. ref'd). Based on the procedural history of Powell, we are left with the original 2004 opinion in Powell as the Waco Court's position on this Rule 404(b) issue and further note that the Texas Court of Criminal Appeals has recognized that holding. Based on the factual and procedural similarity between Powell and the instant case, we apply Powell because it represents the precedent from the transferor court on the precise issue we face here: whether extraneous offense evidence is relevant to motive and identity in a case alleging evading arrest or detention using a motor vehicle.
Analysis
 As did the evidence suggesting a driver other than the defendant in Powell, Watkins's testimony went directly to the elemental fact of identity. The State's evidence suggested that appellant was motivated to evade arrest or detention because he would be subject to a lengthy prison sentence. We would add that such evidence becomes, perhaps, more relevant in light of the evidence that appellant's license had been suspended and that drug paraphernalia was found in the vehicle after the pursuit. Showing that appellant had prior felony convictions would tend to make it more probable that he, knowing he had prior felony convictions, a suspended license, and drug paraphernalia in his vehicle, would attempt to evade arrest or detention because the likely consequences of being arrested included a lengthy term of imprisonment. So, showing that appellant, if arrested, was subject to an enhanced punishment would go to his motive to evade arrest and, therefore, the elemental fact of identity.
 Appellant, in furtherance of his defensive theory, introduced evidence challenging the identity element and, in doing so, put the element of identity squarely at issue by urging the defensive theory that Watkins, not appellant, was driving the car during the pursuit. The admission, for limited purpose, of evidence that suggests that appellant would have motive to evade arrest or detention logically serves to make less probable appellant's defensive evidence that Watkins was the driver.
 Therefore, we cannot say that it was outside the zone of reasonable disagreement for the trial court to conclude that the extraneous offense evidence was admissible for a non-character purpose under Rule 404(b). Under the Waco Court's precedent in Powell, the trial court did not abuse its discretion when it admitted the evidence of extraneous offenses, and we overrule appellant's first issue.
 Testimony of Victim of Extraneous Offense
 Fallon Garcia is appellant's former girlfriend and testified during the punishment phase of trial. Garcia testified to previous physical and verbal abuse she suffered at the hands of appellant. Appellant did not object to this testimony. Likewise, he did not object to Garcia's testimony concerning the armed confrontation between appellant and another man at Garcia's mother's house. During the confrontation, appellant pointed a gun at Garcia and then fired a shot into the air. When the State asked Garcia if she feared appellant, appellant objected that such testimony would be "effectively victim impact evidence on extraneous [offenses]." The trial court overruled the objection, and Garcia testified that she did fear him.
Standard of Review
 Again, we review a trial court's admission or exclusion of evidence for an abuse of discretion. See Powell, 63 S.W.3d at 438.
Testimony of Victim of Extraneous Offense
 Garcia's testimony regarding unadjudicated extraneous offenses was admitted without objection. On appeal, appellant limits his issue to a complaint regarding Garcia's testimony that she feared appellant. 
 Appellant relies on Cantu v. State, 939 S.W.2d 627, 637 (Tex.Crim.App. 1996), for the proposition that it is error to admit victim impact testimony by witnesses not named in the indictment for the offense for which an appellant is being tried. In Cantu, the evidence showed that Cantu was involved in the murder of two teen-aged girls. Id. at 631. During the punishment phase of the capital murder trial relating to the murder of one of the victims, the mother of the other victim testified as to the impact the murder of her daughter had on her family. Id. at 637. The Texas Court of Criminal Appeals noted that this other victim was not the victim named in the indictment and, though evidence of the details surrounding the other victim's murder was admissible contextual evidence, concluded that her mother's testimony concerning her life and the impact her death had on the family "serve[d] no other purpose than to inflame the jury." Id. It, nonetheless, found the error in admitting the evidence harmless. 
 The State responds by pointing to the distinction the Texas Court of Criminal Appeals drew between Cantu and Roberts v. State, 220 S.W.3d 521, 531 (Tex.Crim.App. 2007). At issue in Roberts was the admissibility of testimony, during the punishment phase of Roberts's capital murder trial, of the victim of a robbery committed by Roberts a few years earlier. Id. The court described "victim impact" evidence as "evidence of the effect of an offense on people other than the victim." Id. (emphasis in original). It concluded that the complained-of evidence in Roberts was testimony from the victim of the extraneous offense, not the offense for which he was being tried, and specifically distinguished Cantu on this basis. Id. The Roberts court ultimately concluded that the testimony was admissible. Id.

Analysis
 Here, the challenged testimony is in the nature of the evidence examined in Roberts. That is, the offense to which Garcia testified was an extraneous offense; she was a victim of that offense, and appellant was not being tried for that offense. Garcia's testimony that she feared appellant, then, related solely to the impact the extraneous offense had on her and was not, therefore, within the definition of "victim impact" evidence as defined by Roberts. See id. Under Roberts, such testimony is admissible and distinguishable from the testimony in Cantu; the trial court did not abuse its discretion by admitting it. We overrule appellant's second issue.
 Conclusion
 Having overruled appellant's two issues, we affirm the trial court's judgment of conviction and sentence. 

 
 
 Mackey K. Hancock
 Justice

Do not publish.