ACCEPTED
13-14-00563-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/27/2015 10:09:20 PM
DORIAN RAMIREZ
CLERK

## No. 13-14-00563-CR

# IN THE COURT OF APPEALS
# FOR THE THIRTEENTH DISTRICT OF TEXAS
# AT CORPUS CHRISTI – EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/27/2015 10:09:20 PM
DORIAN E. RAMIREZ
Clerk

## ENRIQUE SANCHEZ SALAZAR,
## Appellant

### v.

## STATE OF TEXAS
## Appellee

ON APPEAL FROM THE 156TH DISTRICT COURT
OF LIVE OAK COUNTY, TEXAS
CAUSE NO. L-14-0025-CR-B

## APPELLANT'S BRIEF

**Abner Burnett**
**Texas Bar No. 03425770**
**Email: aburnett@trla.org**
**Bee County Regional Public Defender**
**331A North Washington**
**Beeville, TX 78102**
**Tel: (361) 358-1925**
**Fax: (361) 358-5158**
*Lead Attorney for Appellant*

## ORAL ARGUMENT REQUESTED

# LIST OF PARTIES

**Appellant**
Enrique Sanchez-Salazar

**Appellee**
The State of Texas

| **Defense Counsel at Trial** | **State's Attorney at Trial** |
|---|---|
| Michelle Ochoa | Mr. Jose Aliseda |
| SBOT:  24032428 | District Attorney |
| | SBOT:  01012900 |
| Jamie Dickson | |
| SBOT:  24072066 | Mr. George James Sales, III |
| | Assistant District Attorney |
| Beeville Regional Public Defender | SBOT:  17531960 |
| 331A North Washington | |
| Beeville, Texas 78102 | Mr. Jon W. West |
| | Assistant District Attorney |
| Rachel Littrell Cook | SBOT:  00786505 |
| SBOT: 24078367 | |
| Texas RioGrande Legal Aid, Inc. | 156th Judicial District Attorney |
| 316 S. Closner | 111 St. Mary's St., Ste 203 |
| Edinburg, Texas 78539 | Beeville, Texas 78102 |

| **Appellant's Attorney on Appeal** | **State's Attorney on Appeal** |
|---|---|
| Abner Burnett | Jose Aliseda |
| SBOT:  03425770 | District Attorney |
| | (or his designated representative) |
| Celestino Gallegos | SBOT: 01012900 |
| SBOT:  24040942 | |
| | 156th Judicial District Attorney |
| Beeville Regional Public Defender | 111 St. Mary's St., Ste 203 |
| 331A North Washington | Beeville, Texas 78102 |
| Beeville, TX 78102 | |

**TABLE OF CONTENTS**

LIST OF PARTIES ................................................................................................ ii

TABLE OF CONTENTS ..................................................................................... iii

INDEX OF AUTHORITIES................................................................................ vi

STATEMENT OF THE CASE...............................................................................1

STATEMENT REGARDING ORAL ARGUMENT .............................................1

ISSUES PRESENTED............................................................................................1

STATEMENT OF PROCEDURAL HISTORY.......................................................3

STATEMENT OF FACTS ......................................................................................6

    I.    SUMMARY OF TESTIMONY AND EXHIBITS PRESENTED DURING THE GUILT/INNOCENCE PHASE OF TRIAL.................................................6

    II.    THE TRIAL COURT REFUSED TO ACCEPT AN AGREED JURY CHARGE CONTAINING AN INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF EVADING ON FOOT UNDER TEX. PEN. CODE § 38.04 (B)(1)..........................................................................................12

    III.    SUMMARY OF THE EVIDENCE AND THE TRIAL COURT'S FINDINGS DURING THE PUNISHMENT PHASE.......................................14

SUMMARY OF ARGUMENT ............................................................................18

STANDARD OF REVIEW ..................................................................................20

ARGUMENT ........................................................................................................22

    I.    THE TRIAL COURT ERRED BY REFUSING TO INCLUDE AN INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF EVADING ARREST ON FOOT IN THE JURY CHARGE. ..............................................22

        A.    Evading arrest on foot is a lesser included offense of evading arrest using a vehicle. ......................................................................23

            1.    A comparison of the elements of the two offenses results in a finding that evading arrest on foot under TEX. PEN. CODE § 38.04 (a) is a

lesser included offense of evading arrest using a vehicle under TEX. PEN. CODE §38.04(b). ..................................................................23

2. Other courts have found that evading arrest under TEX. PEN. CODE § 38.04 (a) is a lesser included offense of evading arrest using a vehicle under TEX. PEN. CODE §38.04 (b). ....................................................29

B. There is some evidence from which a rational jury could acquit Appellant of the greater offense while convicting him of the lesser-included offense..............................................................................................29

II. THE TRIAL COURT'S ERROR OF REFUSING TO INCLUDE AN INSTRUCTION ON THE LESSER INCLUDED OFFENSE IN THE JURY CHARGE WAS NOT HARMLESS. .............................................................32

III. THE TRIAL COURT ERRED BY ALLOWING APPELLANT'S ATTORNEY TO TESTIFY REGARDING FACTS THAT CAME TO HIS KNOWLEDGE THROUGH THE ATTORNEY-CLIENT RELATIONSHIP PURSUANT TO TEX. R. EVID. 503 (B)(2)......................................................33

A. The trial court erred by admitting the privileged statements of Appellant's criminal defense attorney for the related federal case into evidence. .........................................................................................33

B. The trial court's error in admitting privileged communications was not harmless. .........................................................................................34

IV. THE TRIAL COURT ERRED BY USING A STATE JAIL FELONY CONVICTION AS A PREDICATE OFFENSE FOR A HABITUAL OFFENDER ENHANCEMENT UNDER TEX. PEN. CODE § 12.42 (D). .....35

A. A habitual felony enhancement cannot rely on a prior conviction for a state jail felony as a predicate offense.........................................................35

B. The 2009 Aggravated Assault Conviction was for a state jail felony punishable under TEX. PEN. CODE § 12.35 (a).........................................37

C. Appellant's conviction was illegal because it exceeded the range of punishment authorized by law...................................................................39

V. THE OFFENSE LEVEL FOR A VIOLATION OF EVADING WITH A VEHICLE IN VIOLATION OF TEX. PEN. CODE § 38.04 (B) IS PROPERLY A STATE JAIL FELONY AND NOT A THIRD DEGREE FELONY. ...........40

iv

A.  Appellant was convicted of a third degree felony for evading arrest using a vehicle absent any aggravating factors involving serious injury to another or previous conviction under Tex. Pen. Code § 38.04. .....................40

B.  The text of Texas Penal Code § 38.04 is ambiguous on its face because the competing amendments from the 82nd Legislature cannot be reconciled under the Texas Code Construction Act........................................................41

C.  The Court should not follow the decisions of the Houston and Fort Worth courts of appeals, because the rule of lenity dictates that an ambiguous statute should be interpreted in favor of the Appellant...............44

D.  Appellant's voidable conviction of a third degree felony instead of a state jail felony subjected him to the habitual offender mandatory minimum sentencing enhancement. ................................................................................46

VI.  CONCLUSION .......................................................................................47

PRAYER.............................................................................................................48

APPENDIX..........................................................................................................51

v

# INDEX OF AUTHORITIES

**Cases**

*Abdnor v. State*, 871 S.W.2d 726 (Tex.Crim.App. 1994)................................ 21, 35

*Adetomiwa v. State*, 421 S.W.3d 922 (Tex.App. 2014).................................... 46, 48

*Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App. 1984).............................. 21, 22

*Ates v. State*, 21 S.W.3d 384 (Tex. App. 2000).......................................................37

*Carmona v. State*, 947 S.W.2d 661 (Tex.App.—Austin 1997, no pet.)..................22

*Ex parte Beck*, 922 S.W.2d 181 (Tex.Crim.App.1996) (per curiam).....................23

*Ex parte Harris*, 495 S.W.2d 231 (Tex.Crim.App. 1973) ......................... 23, 44, 52

*Ex parte Hill*, 528 S.W.2d 125 (Tex.Crim.App.1975) .............................. 24, 44, 52

*Ex Parte Parrott*, 396 S.W.3d 531 (Tex.Crim.App. 2013) ....................................42

*Ex parte Pena,* 71 S.W.3d 336 (Tex.Crim.App.2002) ............................................23

*Farrakhan v. State*, 263 S.W.3d 124 (Tex.App. 2006) *aff'd*, 247 S.W.3d 720
    (Tex.Crim.App. 2008) ......................................................................................29

*Goad v. State*, 354 S.W.3d 443 (Tex.Crim.App. 2011)...........................................34

*Hall v. State*, 225 S.W.3d 524 (Tex.Crim.App. 2007) ...........................................32

*Harvill v. State*, 13 S.W.3d 478 (Tex.App.-Corpus Christi 2000, no pet.)  23, 44, 52

*Hayward v. State*, 158 S.W.3d 476 (Tex.Crim.App. 2005).....................................26

*Hobbs v. State*, 175 S.W.3d 777 (Tex.App. 2005) ..................................... 13, 30, 32

*In re Small*, 346 S.W.3d 657 (Tex. App. 2009)......................................................36

*Infante v. State*, 397 S.W.3d 731 (Tex.App. 2013) ................................................26

*Jacob v. State*, 892 S.W.2d 905 (Tex.Crim.App. 1995)..................................... 25, 26

*Kay v. State*, 340 S.W.3d 470 (Tex. App.--Texarkana 2011, no pet.).....................38

*Kos v. State*, 15 S.W.3d. 633 (Tex.App.--Dallas 2000, no pet.)...............................22

*Lara v. State*, No. 13-04-282-CR, 2007 WL 431241 (Tex. App.—Corpus Christi, Edinburg, Feb. 8, 2007, no pet.) ............................................................. 13, 31

*Mims v. State,* 434 S.W.3d 265 (Tex.App. 2014) ............................................. 48, 49

*Mizell v. State*, 119 S.W.3d 804 (Tex.Crim.App.2003).............................. 23, 44, 52

*Motilla v. State*, 78 S.W.3d 352 (Tex. Crim. App. 2002)........................................23

*Powell v. State*, 206 S.W.3d 142 (Tex.App. 2007)...................................... 12, 31, 32

*Rousseau v. State*, 855 S.W.2d 666 (Tex.Crim.App. 1993) ...................................24

*Royster v. State*, 622 S.W.2d 442 (Tex.Crim.App.1981) (*plurality op. on reh'g*) ..24

*Sanford v. State*, 21 S.W.3d 337 (Tex. App. 2000) .......................................... 22, 38

*Smith v. State*, 960 S.W.2d 372 (Tex.App.—Houston [1st Dist.] 1998, pet ref'd) .40

*State v. Allen*, 865 S.W.2d 472 (Tex. Crim. App. 1993) ........................................43

*State v. Mancuso*, 919 S.W.2d 86 (Tex.Crim.App. 1996)................................. 40, 42

*State v. Webb*, 980 S.W.2d 924 (Tex. App. 1998) aff'd, 12 S.W.3d 808 (Tex.Crim.App. 2000) ......................................................................... 39, 42

*State v. White*, 959 S.W.2d 375 (Tex. App. 1998)............................................ 40, 42

*Strong v. State*, 773 S.W.2d 543 (Tex. Crim. App. 1989)......................................37

*Sweed v. State*, 351 S.W. 3d 63 (Tex.Crim.App. 2011) ...................... 13, 24, 31, 34

*Warner v. State*, 245 S.W.3d 458 (Tex.Crim.App. 2008) ......................................21

*Wilkerson v. State*, 927 S.W.2d 112 (Tex. App. 1996)............................................43

**Statutes**

House Bill 3423, Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, 2011 Tex. Sess. Law Serv. 2110, 2111 (West)................................................................ 46, 47

Senate Bill 1416, Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2320, 2320–21 (West).......................................................... 46, 47

Senate Bill 496, Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Sess. Law Serv. 1046, 1046 (West).......................................................... 46, 47

Texas Criminal Procedure Code Ann. art. 36.14 (West).................................... 21, 35

Texas Criminal Procedure Code Ann. art. 37.09 (West).................................... 25, 29

Texas Criminal Procedure Code Ann. art. 42.12 (West).........................................39

Texas Government Code § 311.003..........................................................................49

Texas Government Code § 311.025..........................................................................48

Texas Penal Code Ann. § 12.21 (West)....................................................................35

Texas Penal Code Ann. § 12.33 (West)............................................................. 43, 52

Texas Penal Code Ann. § 12.42 (West)............................................................ passim

Texas Penal Code Ann. § 12.425 (West)...................................................... 39, 41, 52

Texas Penal Code Ann. § 20A.03 (West).................................................................39

Texas Penal Code Ann. § 21.02 (West)....................................................................39

Texas Penal Code Ann. § 22.02 (West)............................................................. 17, 41

Texas Penal Code Ann. § 38.04 (West)......................................................... 1, 29, 49

**Rules**

Texas Rule of Appellate Procedure 21.8. ..................................................................6

Texas Rule of Appellate Procedure 39.1 ...................................................................1

Texas Rule of Appellate Procedure 39.2 ...................................................................1

Texas Rule of Evidence 503 ........................................................................... 3, 36, 37

TO THE HONORABLE COURT OF APPEALS:

Appellant Enrique Sanchez Salazar submits this brief on appeal.

## STATEMENT OF THE CASE

After a trial before a jury, Appellant was convicted of third degree felony for violation of Texas Penal Code § 38.04 (b)(2)(a). Appellant elected to have the trial court assess punishment. Following a punishment hearing, the trial court sentenced him to thirty-eight (38) years of confinement in the Texas Department of Criminal Justice Institutional Division. CR. 1: 142-43.[1]

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument before the Court pursuant to Texas Rule of Appellate Procedure 39.1 and 39.2, as oral argument would clarify the written arguments in the briefs.

## ISSUES PRESENTED

1. WHETHER THE OFFENSE OF EVADING ARREST OR DETENTION FOUND AT TEXAS PENAL CODE § 38.04(A) IS A LESSER

---

[1] For the purposes of citing to the record in this case, the following abbreviations are used. For citing to the official transcript: TR (Transcript Record).1 (volume of the record): 1 (page number). Thus TR.1: 1, references Volume 1, page 1 of the appeal record. For citations to the clerk's Record: CR (Clerk's Record).1 (volume of the record): 1 (page number). Thus CR.1: 1, references page 1 of the Clerk's Record.

1

INCLUDED OFFENSE OF EVADING ARREST OR DETENTION USING A VEHICLE FOUND AT SUBSECTION (B) OF THE SAME STATUTE.

2. WHETHER A SCINTILLA OF EVIDENCE EXISTS THAT WOULD ALLOW A TRIER OF FACT TO FIND THAT APPELLANT DID NOT USE A VEHICLE WHILE IN FLIGHT.

3. WHETHER THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST FOR A JURY INSTRUCTION ON THE OFFENSE OF EVADING ARREST OR DETENTION PURSUANT TO TEXAS PENAL CODE § 38.04 (A).

4. WHETHER THE TRIAL COURT ERRED IN ALLOWING APPELLANT'S ATTORNEY TO TESTIFY REGARDING FACTS THAT CAME TO HIS KNOWLEDGE THROUGH THE ATTORNEY CLIENT PRIVILEGE PURSUANT TO TEXAS RULE OF EVIDENCE 503 (B)(2).

5. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW BY USING A STATE JAIL OFFENSE AS A PREDICATE FOR A

HABITUAL OFFENDER ENHANCEMENT UNDER TEXAS PENAL CODE § 12.42 (D).

6. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT THE APPELLANT COMMITTED A THIRD DEGREE FELONY OFFENSE OF EVADING ARREST OR DETENTION WITH A VEHICLE PURSUANT TO TEXAS PENAL CODE § 38.04 (B)(2)(A).

## STATEMENT OF PROCEDURAL HISTORY

Appellant was indicted by a grand jury of Live Oak County, Texas for using a vehicle to evade arrest or detention by a peace officer on July 19, 2013. CR.1: 6-7. The indictment contained reference to enhancements based on two prior convictions: 1) a felony conviction for aggravated sexual assault from the 49th District Court of Webb County, Texas in Cause Number 2002CRS60 dated May 13th, 2002; and 2) a felony conviction for aggravated assault with a deadly weapon in Cause Number 2009-CRM-000050-D3 from the 341st District Court of Webb County, Texas dated June 4, 2009. *Id.*

The case was tried to a jury on September 2, 2014. TR. 2: 7-17. Appellant plead not guilty. TR.2: 65-6.

3

The State presented its case in chief, which consisted of testimony from five witnesses and the admission of State's exhibits 1-5. At the conclusion of the presentation of its evidence, the State rested. TR.2: 129. Appellant presented no evidence and rested immediately after the State. TR.2: 130.

On September 3, 2014, the parties reappeared before the Court outside of the presence of the jury for the charging conference. TR.3: 8-12. The Court ruled on the proposed jury charge, rejecting the agreed charge containing an instruction on the lesser included offense of evading without the use of a vehicle. TR.3: 10-11. Appellant made an offer of proof of the proposed jury charge that included the lesser included offense. TR.3: 11; CR.1: 56-61. The Court read the Charge of the Court and gave the jury instruction. TR.3: 12-13. Following closing argument and deliberations, the jury returned a unanimous verdict that Appellant was guilty of the offense of evading arrest using a vehicle as charged in the indictment. TR.3: 30-31.

The punishment phase was conducted on September 3, 2014 before the Trial Court without the jury. TR.3: 33-68. The State alleged that Appellant was subject to statutory punishment enhancements because of two prior convictions alleged in the indictment. TR.3: 33-34. Appellant pleaded not true to the allegation of a May 13, 2002 first degree felony conviction under cause number 2002CRS60 from the 49th District Court of Webb County, Texas for aggravated sexual assault. *Id.* 33.

4

Appellant then pleaded not true to the allegation of a June 4, 2009 state jail felony conviction under cause number 2009-CRM-000050-D3 from the 341st District Court of Webb County, Texas for aggravated assault with a deadly weapon. *Id.* 33-34.

The State offered testimony, exhibits 6-8, and argument in support of enhancement for the offense based on the evidence presented of prior felony convictions. Specifically, the State requested enhancement from a third degree felony for evading arrest to punishment for a habitual offender ranging from a minimum of 25 years to 99 years or life. TR.3: 60-63. Appellant argued that the evidence for the enhancement was not properly authenticated, and was thus not proof beyond a reasonable doubt for either conviction. *Id.* 63-65.

Finding that Appellant was guilty of evading arrest or detention with a motor vehicle and that the two enhancements were true, the trial court found that Appellant was a habitual felony offender in Texas, and imposed a sentence of thirty-eight (38) years imprisonment. *Id.*

On September 24, 2014, Appellant filed a notice of appeal, and a motion for new trial and arrest of judgment. CR.1: 118-21, 129. On October 9, 2014, the trial court entered judgment. On December 8, 2014, the motion for new trial was denied by operation of law. TEX. R. APP. 21.8.

## STATEMENT OF FACTS

## I.   SUMMARY OF TESTIMONY AND EXHIBITS PRESENTED DURING THE GUILT/INNOCENCE PHASE OF TRIAL.

The State's evidence consists of testimony from the following witnesses and the admission of the following exhibits:

| Testimony | |
| --- | --- |
| **State's Witnesses** | **Summary of Testimony** |
| Jacir Heil, Appellant's attorney in Federal Cause No. 2:13-CR-00707-1 from the Southern District of Texas, Corpus Christi Division | • Mr. Heil authenticated State's Exhibits 1, 2, 3, and 4, which comprised Appellant's plea agreement, stipulation, findings and recommendations and judgment in Appellant's federal criminal case for transporting aliens (8 U.S.C. § 1324) – charges that arose from the same incident that was the subject of the evading trial. In the plea agreement, Appellant stipulated he was driving the vehicle. Mr. Heil testified while Appellant signed the stipulations, he may not have paid a lot of attention to the contents, and based on his experience in other cases, was signing the stipulations in order to avoid further charges for obstruction of justice, and also to gain a reduction in sentence for acceptance |

| | of responsibility. TR.2: 75, 83-86. |
|---|---|
| Alberto Carrion, Three Rivers Police Department Officer. TR.2: 90-114 | • Officer Carrion testified that he was employed by the Three Rivers Police Department on July 19, 2013, and that in the course of his duties he attempted to pull over a green van that was speeding on northbound Highway 281 in the City of Three Rivers. TR.2: 90-91. |
| | • Officer Carrion testified that he attempted to pull over the van, and the driver took off, leading him on a car chase for a few blocks before coming to a crash stop. TR.2: 92-93. |
| | • Officer Carrion testified that the van's driver jumped out of the van while it was still moving. After the van came to stop due to a crash with a parked vehicle, the occupants jumped out or attempted to jump out and ran from him. TR.2: 93. |
| | • Officer Carrion stayed with the van, and other officers pursued the van's occupants on foot. One of the persons apprehended on foot by another officer was identified as Appellant. TR.2: 95-96, 101. |

7

|  | • Officer Carrion authenticated the recording made by the dashcam in his police vehicle, admitted as State's Exhibit 5. TR.2: 96-98. |
|---|---|
|  | • On cross-examination Officer Carrion admitted that his incident report indicates that the driver of the van was wearing a white shirt and white shorts, and that he observed the driver flee from the driver's side of the van, and two others flee from the passenger's side of the van. TR.2: 101-102. |
|  | • Officer Carrion testified that in his conversation with dispatch, the driver was described as a person wearing a maroon shirt, but that he is not sure whether he or if dispatch said it. TR.2: 104-105. He later testified that Officer Medrano described the driver as wearing a maroon shirt. *Id.* 112. |
|  | • Officer Carrion admitted on cross-examination that he was not sure that all of the occupants of the vehicle had been arrested, and that he had not personally arrested Appellant. TR.2: 110-111. |

8

| Noah Leuchner, Corporal, Three Rivers Police Department TR.2: 114-120 | • Corporal Leuchner testified that while responding to the vehicle pursuit call on July 19, 2013, he came into contact with Appellant. TR.2: 114. Corporal Leuchner encountered him in the brush along the fence line behind a house. *Id.* 115. He testified that Appellant put his hands up and surrendered to him. *Id.*<br><br>• On cross examination Corporal Leuchner testified that he did not observe anyone exit from the driver's side of the vehicle because it was not possible to leave from the driver's side because it was stuck, but later confirmed that the video showed one person leaving on the left side of the vehicle. TR.2: 117. Corporal Leuchner testified that when he arrested Appellant, he was wearing a white shirt and red shorts. *Id.* |
| --- | --- |
| Roberto Gutierrez, Agent, U.S. Border Patrol TR.2: 120-127 | • Agent Gutierrez testified that he responded to the July 19, 2013 incident. TR.2: 121. He confirmed that he arrested Appellant for alien smuggling, resulting in an indictment in Federal Cause No. 2:13-CR-707-1. TR.2: 123 |

| Rey Medrano, Former Three Rivers Police Department Officer TR.2: 127-130 | • Officer Medrano testified that he worked as a Three Rivers police officer on July 19, 2013 and responded to the incident. TR.2: 127. <br> • Officer Medrano testified that he received a description of the driver of the van as a person wearing a maroon shirt. TR.2: 127. <br> • Officer Medrano testified that he received this description of the driver from Appellant during questioning. TR.2: 128. <br> • On cross-examination, Officer Medrano testified that he saw several individuals exit the van, and stated that it could have been more than three. TR.2: 129 |
| --- | --- |

The following exhibits were admitted during the guilt/innocence phase of trial:

| **Exhibits** | | | |
| --- | --- | --- | --- |
| **Exhibit No.** | **Description** | **Record Citation** | |
| | | **Offered** | **Admitted** |
| 1 | Memorandum of Plea Agreement in Cause No. 2:13-CR-00707-001, from the U.S. | TR.2: 80 | TR.2: 80 |

| | | | |
|---|---|---|---|
| | District Court for the Southern District of Texas, Corpus Christi Division. | | |
| 2 | Stipulation of facts in Cause No. 2:13-CR-00707-001, bearing Appellant's signature. | TR.2: 80 | TR.2: 80, 82 |
| 3 | Findings and Recommendations in Cause No. 2:13-CR-00707-001, with paragraph 9 redacted by the Trial Court. | TR.2: 80 | TR.2: 81 |
| 4 | Judgment in Cause No. 2:13-CR-00707-001 | TR.2: 80 | TR.2: 80 |
| 5 | Video of the traffic stop | TR.2: 98 | TR.2: 98 |

Appellant presented one exhibit during the guilt/innocence phase:

| **Appellant's (Defense) Trial Exhibits** | | |
|---|---|---|
| **Description** | **Record Citation** | |
| | **Offered** | **Admitted** |
| Proposed Charge of the Court containing a jury instruction on the lesser included offense of evading arrest without the use of a vehicle. | TR.3: 11 | TR.3: 11 |

## II. THE TRIAL COURT REFUSED TO ACCEPT AN AGREED JURY CHARGE CONTAINING AN INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF EVADING ON FOOT UNDER TEX. PEN. CODE § 38.04 (B)(1).

During the charging conference, Appellant's attorney and the State's attorney presented two jury charges for the trial court's consideration: one that included an instruction on the lesser included offense of evading on foot, and one that did not. TR.3: 8. Both Appellant's attorney and the State's Attorney agreed that the jury charge should include the instruction of the lesser included offense of evading on foot. *Id.* 8-9.

After a brief bench conference, Appellant's attorney argued for inclusion of evading on foot as a lesser included offense of evading with a motor vehicle, relying on *Powell v. State*, 206 S.W.3d 142 (Tex.App.--Waco 2007, pet. ref'd). TR.3: 9. The trial court also reviewed an unpublished decision from this Court, *Lara v. State*, No. 13-04-282-CR, 2007 WL 431241 (Tex. App.—Corpus Christi, Edinburg, Feb. 8, 2007, no pet.) for the same proposition. *Id.*

The trial court ruled that under *Hobbs v. State*, 175 S.W.3d 777 (Tex.Crim.App. 2005) and "the facts as they have been presented in this court," that the complained of acts are one continuous course of conduct, "with only the means of locomotion changing." TR.3: 10. The trial court refused to include a charge of evading arrest under Texas Penal Code § 38.04 (a) as a lesser included

offense of the charge from the indictment of evading arrest using a vehicle under Texas Penal Code § 38.04 (b). *Id.*

Appellant's counsel argued that a jury could reasonably conclude that Appellant was not the driver of the vehicle, and that it should be a question for the jury to decide. TR.3: 10. Appellant's counsel further argued that the standard for including a lesser included offense found in Article 37.09 of the Code of Criminal Procedure is "anything more than a scintilla of evidence," pursuant to *Sweed v. State*, 351 S.W. 3d 63 (Tex.Crim.App. 2011). *Id.* at 10-11. The fact question about the number of people fleeing from the motor vehicle, argued Appellant, was sufficient to prove that at least two people who ran from the van were only guilty of evading on foot. *Id.* 11.

Appellant's counsel made an offer of proof of the proposed jury charge containing the lesser included offense instruction, which was accepted into the record as Defense Exhibit 1. *Id.* 11; TR.4: 56-61. The Court rejected the proposed jury charge. TR.4: 61. The Court instructed the jury based on the charge that did not include the lesser included offense instruction. TR.3: 13; CR.1: 113-116. The verdict form included one finding, that Appellant was guilty of the offense of evading arrest with a vehicle as alleged in the indictment. TR.3: 13; CR.1: 117.

### III. SUMMARY OF THE EVIDENCE AND THE TRIAL COURT'S FINDINGS DURING THE PUNISHMENT PHASE.

The State offered the following testimony and documentary evidence during the punishment phase:

| Testimony | |
|---|---|
| State's Witnesses | Summary of testimony |
| Dan Caddell, Investigator, Live Oak County Sheriff's Office TR.3: 35-60 | Offered testimony to authenticate State's exhibits during punishment phase. |

| Exhibits | | | |
|---|---|---|---|
| Description | | Record Citation | |
| | | Offered | Admitted |
| 6 | Fingerprint Card for Appellant dated September 3, 2014. | TR.3: 38 | TR.3: 47 |
| 7 | Judgment in Cause No. 2002CRS60 from the 49th District Court of Webb County, Texas. | TR.3: 38 | TR.3: 47 |

| 8 | Judgment in Cause No. 2009-CRM-000050-D3 from the 341st District Court of Webb County, Texas. | TR.3: 38 | TR.3: 47 |
|---|---|---|---|
| 9 | Indictment in Cause No. 2001-CRS-000633-D1 | TR.3: 45 | Not admitted |
| 9A | Certificates | TR.3: 49 | withdrawn |

The jury found by unanimous verdict that Appellant was guilty of the offense of evading arrest with a vehicle as alleged in the indictment. TR.3: 31. Appellant elected to have the court, rather than the jury, determine punishment. TR.3: 33. During the punishment phase the Court heard evidence on the punishment enhancements included in the indictment, namely that Appellant had been convicted of two felonies: 1) a 2002 aggravated sexual assault conviction from Webb County, Texas; and 2) a 2009 aggravated assault with a deadly weapon conviction from Webb County, Texas. CR.1: 6-7; TR.3: 33. Appellant pleaded that neither conviction was true. TR.3: 33-34.

The State presented certified copies of the two convictions, which were accepted into the record together with a fingerprint card over Appellant's objections as State's Exhibits 6, 7, and 8. TR.3: 47; TR.4: 31-55. Appellant objected to the exhibits on the ground that the proper predicate for accepting them

15

into the record had not been laid by the State's witness, that the purportedly self-authenticating certified records were not properly linked to the Appellant, and that the evidence was not produced to her during discovery. TR.3: 41-43, 46. The trial court overruled each of Appellant's objections. TR.3: 46-7.

The record of the 2002 aggravated sexual assault conviction under cause number 2002CRS60 from the 49th District Court of Webb County indicates that Appellant pleaded guilty to a first degree felony for an offense committed on July 11, 2001, with no findings of enhancement or findings on the use of a deadly weapon, and that he was sentenced on May 6, 2002 to five years of imprisonment. TR.4: 35-38. A judgment in cause number 2001CRS633 from the 49th District Court of Webb County indicates that Appellant pleaded guilty to a first degree felony for an offense committed on April 1, 2001, with no findings of enhancement or findings on the use of a deadly weapon, and that he was sentenced on May 6, 2002 to five years of imprisonment. TR.4: 39-42. The judgment also indicated that the two sentences from both cases were to run concurrently. *Id.* 39.

Exhibit 8 contained a fingerprint card and several other judgments. TR.4: 45-55. The 2009 judgment for aggravated assault with a deadly weapon in cause number 2009-CRM-000050-D3 from the 341st District Court of Webb County, indicates that the offense occurred on January 23, 2008, that Appellant pleaded guilty to violating Texas Penal Code § 22.02 (a)(2), a state jail felony, for which he

16

was sentenced to four years imprisonment. TR.4: 49. The judgment does not indicate that any deadly weapons findings were made, nor that there were any enhancements, and sets June 4, 2009 as the date of sentence. *Id.*

The other judgments in Exhibit 8 were a 2007 judgment for possession of cocaine from the 214th District Court of Nueces County, and a 2009 judgment for failing to register as a sex offender from the 406th District Court of Webb County. TR.4: 47-48, 51-53.

At the conclusion of the presentation of evidence during the sentencing phase, the State urged the Trial Court to find that the two enhancement paragraphs from the indictment, referencing the 2002 sexual assault conviction, and the 2009 aggravated assault conviction, were true based on the evidence accepted into the record. TR.3: 61-62. The State concluded that these two convictions triggered the habitual felony offender penalty. *Id.* 61.

Appellant argued to the trial court that the evidence presented did not provide sufficient evidence for the trier of fact to find beyond a reasonable doubt that each conviction is linked to him. TR.3: 63. Appellant specifically objected to the evidence that he was convicted of aggravated sexual assault. *Id.*

The trial court found that the evidence proved that both paragraphs relating to enhancement in the indictment were true. TR.3: 67. The trial court found that

Appellant is a habitual offender, and imposed a thirty-eight (38) year prison sentence and a fine of $5,000. *Id.*

## SUMMARY OF ARGUMENT

Appellant argues that the trial court committed several errors in the course of his trial that caused him material harm.

The first point of error was the trial court's refusal to include a jury instruction on the charge for the lesser included offense of evading arrest on foot under Texas Penal Code § 38.04 (a). The trial court's error in refusing to include an instruction on a lesser included offense in the jury charge, resulted in a conviction of a third degree felony, exposing Mr. Sanchez to a finding during sentencing that he is a habitual felon subject to the mandatory minimum enhancement found at Texas Penal Code § 12.42 (d) requiring a mandatory punishment of twenty-five (25) years. Absent this error, Mr. Sanchez might have been convicted of a Class A misdemeanor and would not have been subject to the mandatory minimum of twenty five years imprisonment mandated by TEX. PEN. CODE § 12.42 (d). Appellant was materially harmed by the trial court's error, meriting reversal.

Appellant's second point of error is the trial court's admission of privileged statements from J. Heil, Appellant's attorney in the related federal case arising out

of the same conduct. Appellant argues that but for the trial court's erroneous admission of his attorney's testimony over his objections, there would be no direct evidence in the record that indicates that he was the driver of the vehicle. Absent this evidence, there is insufficient evidence to support a conviction for evading using a vehicle. The trial court's error caused Appellant material harm, meriting reversal.

Appellant's third point of error is the trial court's reliance on a state jail felony as a predicate offense for the habitual felon enhancement from TEX. PEN. CODE § 12.42 (d). Appellant argues that his 2009 judgment for Aggravated Assault indicates that he committed a state jail felony punishable under Texas Penal Code § 12.35 (a), which cannot be used as a predicate offense for the habitual offender enhancement. Because the trial court illegally relied on a state jail felony for the purposes of enhancement under TEX. PEN. CODE § 12.42 (d), his sentence is illegal and void *ab initio*. Appellant's sentence should be vacated and his case remanded for re-sentencing.

Appellant asserts in his final point of error that the trial court erred by sentencing him to a third degree felony for the offense of evading using a vehicle. Appellant argues that offense classification of evading using a vehicle found at Texas Penal Code § 38.04 is ambiguous on its face, meriting the application of the rule of lenity in his favor, requiring the court to punish his conduct as a state jail

felony rather than a third degree felony. Because the trial court sentenced Appellant using the harsher penalty of ambiguous statute, his sentence is illegal and void *ab initio*. Appellant's sentence should be vacated and his case remanded for re-sentencing.

The Court should vacate Mr. Sanchez's conviction and remand the case for a new trial. Alternatively, the Court should vacate Mr. Sanchez's sentence and remand the case for re-sentencing.

## STANDARD OF REVIEW

A trial court's ruling on a jury charge is reviewed for both reversible and fundamental error. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). The first step is to determine whether there was an error in the charge. *Abdnor v. State*, 871 S.W.2d 726, 731-32 (Tex.Crim.App. 1994). If the charge was erroneous, then it must be determined whether sufficient harm resulted from the error. *Id.* at 732. The degree of harm varies based on whether the complained of error was preserved by a timely objection at trial. *Id.* at 731-32. Where an error is properly preserved, the reviewing court can reverse a conviction upon a showing of "some harm," which mandates reversal in the absence of harmless error. *Almanza*, 686 S.W.2d at 171 (holding that reversal is *required* if the complained of error was "calculated to injure the rights of the defendant"). The record must show actual

20

and not merely theoretical harm. *Warner v. State*, 245 S.W.3d 458, 461-62 (Tex.Crim.App. 2008).

In order to preserve jury charge error, a party must raise the objection to the trial court on the record and have the objections noted by court reporter in the presence of the court and the state's counsel, before the reading of the court's charge to the jury. Tex. Code Crim. Proc. Ann. art. 36.14 (West). Appellant timely objected to the trial court's refusal to include an instruction on the lesser included offense in the jury charge on the record, in the presence of the trial court and state's counsel, and made an offer of proof of the jury charge with the requested instruction prior to the reading of the court's charge to the jury. TR.3: 8-11; TR.4: 56-61. The proper standard of reviewing the jury charge error in this case is the showing of "some harm" to Appellant. *Almanza*, 686 S.W.2d at 171.

An error relating to an assertion of privilege is reviewed under an abuse of discretion standard. *Kos v. State*, 15 S.W.3d. 633 (Tex.App.--Dallas 2000, no pet.)(citing *Carmona v. State*, 947 S.W.2d 661, 664 (Tex.App.—Austin 1997, no pet.). A trial court's determination is reversed only "when the trial court applied an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion." *Id.* (internal citations omitted). A reversible error regarding attorney-client privilege is subject to the harmless error

21

standard from Texas Rule of Appellate Procedure 44.2 (b). *Sanford v. State*, 21 S.W.3d 337, 345 (Tex. App. 2000) abrogated by *Motilla v. State*, 78 S.W.3d 352 (Tex. Crim. App. 2002).

A "void" or "illegal" sentence is one that is not authorized by law. *Ex parte Pena,* 71 S.W.3d 336, 336 n. 2 (Tex.Crim.App.2002); *see Ex parte Harris*, 495 S.W.2d 231, 232 (Tex.Crim.App. 1973); *see Mizell v. State*, 119 S.W.3d 804, 806 (Tex.Crim.App.2003) ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex.Crim.App.1996) (per curiam) (sentence of twenty-five years of imprisonment for offense for which maximum range of punishment was two years of imprisonment was illegal). "A sentence unauthorized by law is fundamental error, rendering the sentence void." *Harvill v. State*, 13 S.W.3d 478, 482 (Tex.App.-Corpus Christi 2000, no pet.) (citing *Ex parte Hill*, 528 S.W.2d 125, 126 (Tex.Crim.App.1975) (sentence was void where trial court imposed five year sentence and maximum authorized punishment was four years).

**ARGUMENT**

**I.  THE TRIAL COURT ERRED BY REFUSING TO INCLUDE AN INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF EVADING ARREST ON FOOT IN THE JURY CHARGE.**

Whether a lesser included offense instruction must be given requires a two-step analysis. *Sweed v. State*, 351 S.W.3d 63, 67-68 (Tex.Crim.App. 2011) (citing

22

*Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex.Crim.App. 1993); *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981) (*plurality op. on reh'g*)). The first step requires the reviewing court to determine whether the lesser included offense is included within the proof necessary to establish the offense as charged. *Id.* (internal citations omitted). The second step requires a determination whether there is "some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser-included offense." *Id.* (internal citations omitted).

> **A.    Evading arrest on foot is a lesser included offense of evading arrest using a vehicle.**
>
> > 1.    <u>A comparison of the elements of the two offenses results in a finding that evading arrest on foot under TEX. PEN. CODE § 38.04 (a) is a lesser included offense of evading arrest using a vehicle under TEX. PEN. CODE §38.04(b).</u>

An offense is considered to be a lesser in included offense if:

1.    it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

2.    it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

3.    it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

23

4.    it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex. Code Crim. Proc. Ann. art. 37.09 (West).  A determination of whether an offense is a lesser included offense is decided on a case-by-case basis. *Jacob v. State*, 892 S.W.2d 905, 907 (Tex.Crim.App. 1995).   The Court of Criminal Appeals set forth a test for comparing the elements of the two offenses, examining:

1.    The elements of the offense charged;

2.    The statutory elements of the offense claimed to be the lesser included offense;

3.    The proof presented at trial to show the elements of the charged offense. *Hayward v. State*, 158 S.W.3d 476, 478 (Tex.Crim.App. 2005); *Jacob*, 892 S.W.2d at 907-08.

Below is a comparison of the elements of the two offenses from TEX. PEN. CODE § 38.04, together with the proof presented at trial to show the elements of the charged offense. *See also Infante v. State*, 397 S.W.3d 731, 734 (Tex.App.— San Antonio 2013, no pet.).

| Elements of Offense Charged [TEX. PEN. CODE § 38.04 (b)] | Elements of Lesser Included Offense [TEX. PEN. CODE § 38.04 (a)] | Proof presented at trial to prove the element of the charged offense. |
|---|---|---|

| | | |
|---|---|---|
| 1. intentional | 1. intentional | Testimony of arresting officers, stipulation signed in federal court that referenced declarations made by vehicle occupants outside of court. |
| 2. flight; | 2. flight; | Testimony of arresting officers, stipulation signed in federal court that referenced declarations made by vehicle occupants outside of court. |
| 3. from a person | 3. from a person | Testimony of arresting officers, stipulation signed in federal court that referenced declarations made by vehicle occupants outside of court. |
| 4. the defendant knows is | 4. the defendant knows | Testimony of arresting |

| | | |
|---|---|---|
| peace officer or a federal special investigator; | is peace officer or a federal special investigator; | officers, stipulation signed in federal court that referenced declarations made by vehicle occupants outside of court. |
| 5. who is attempting to lawfully arrest or detain him. | 5. who is attempting to lawfully arrest or detain him. | Testimony of arresting officers. Stipulation signed in federal court that referenced declarations made by vehicle occupants outside of court. |
| 6. using a vehicle | N/A | Plea of guilty in Federal Court Case to offense that had "transporting" as an element of the offense. Stipulation signed in federal court that referenced declarations made by vehicle occupants |

It is clear that an offense under § 38.04 (a) can meet the requirements of article 37.09, section 1, because an offense for evading on foot can be established by relying on proof of less than all the facts required to establish a commission of the charged offense of evading using a vehicle -- i.e., all of the elements except the vehicle.

Additionally, it is clear that evading under § 38.04 (a) is distinct from § 38.04 (b) only in the less serious risk of injury to the public interest suffices to establish its commission. Tex. Code Crim. Proc. art. 37.09 (West). The public interest protected by § 38.04 is the evasion of an arrest or detention, and it is designed "to encourage suspects to yield to a police show of authority." *Farrakhan v. State*, 263 S.W.3d 124, 143 (Tex.App.—Houston [1st Dist.] 2006) *aff'd*, 247 S.W.3d 720 (Tex.Crim.App. 2008). The risk of injury to the public interest is greater when an offender uses a vehicle, because it increases the likelihood of evasion.

The third section of article 37.09 does not apply here, as there is no distinction between the culpable mental state necessary for commission of the offense, only the means of commission. Likewise, article 37.09 section 4 is also inapplicable because evasion on foot is not an attempt offense.

27

The trial court's reliance on the Court of Criminal Appeal's decision in *Hobbs v. State*, 175 S.W.3d 777 (Tex.Crim.App. 2005) is misplaced. TR.3: 10. The Court in *Hobbs* found that an offense of evading on foot and evading using a vehicle could not be separated when the act giving rise to the offense commences as an evasion with a vehicle and continues on foot after the car was abandoned. *Id.*, at 778-80. The Court concluded that the legislature did not intend for separate offenses when different means of locomotion are used to commit the offense. *Id.*, at 781. In other words, *Hobbs* stands for the proposition that Appellant could not be found guilty of two separate offenses; the opinion does not address the situation such as the one at bar where the evidence could support a finding that he evaded by foot *or* using a vehicle. This was a factual finding that the jury was entitled to make in the first instance. As demonstrated in the table comparing the evidence necessary to convict Appellant of either offense, if the jury found that he was not the driver of the vehicle and merely a passenger in the van, he could have been convicted of evading on foot.

2. Other courts have found that evading arrest under TEX. PEN. CODE § 38.04 (a) is a lesser included offense of evading arrest using a vehicle under TEX. PEN. CODE §38.04 (b).

In a well-reasoned decision, the Waco court of appeals found that the offense of evading on foot is a lesser included offense of evading arrest in a vehicle. *Powell v. State,* 206 S.W.3d 142, 143 (Tex.App.—Waco 2007, pet. ref'd). The court found that because the elements of evading on foot varied from the elements of evading by vehicle only by omission of the element of the use of a vehicle, evading on foot is "included within the proof necessary" to prove evading by vehicle. *Id.*

This Court concurred with the holding of *Hobbs* in an unpublished decision, finding that evading on foot and evading with a vehicle are each separate offenses. *Lara v. State*, No. 13-04-282-CR, 2007 WL 431241 at * 3.

The Court should follow the reasoning of *Hobbs* and *Lara*, and find that evading on foot is a lesser included offense of evading with a vehicle.

**B. There is some evidence from which a rational jury could acquit Appellant of the greater offense while convicting him of the lesser-included offense.**

When evaluating the evidence in favor of a conviction for the lesser-included offense for a finding that it is "a rational alternative to the charged offense," all of the evidence presented at trial may be reviewed. *Sweed,* 351 S.W.

29

3d at 68 (internal citations omitted). Anything more than a "scintilla of evidence" may be sufficient to entitle a defendant to the inclusion of a lesser charge. *Hall v. State*, 225 S.W.3d 524, 536 (Tex.Crim.App. 2007).

As demonstrated in the comparison of the two offenses, the only distinction between the evidence necessary to convict Appellant on the charge of evading on foot and evading using a vehicle, is the evidence that Appellant was the driver of the vehicle on July 19, 2013. If there is scintilla of evidence that Appellant was *not* the driver of the vehicle, and was only a passenger in the vehicle who fled on foot once the van crashed, he is entitled to an instruction on evading on foot as a lesser included offense.

The Court of Appeals in *Powell* determined that no scintilla of evidence existed to support an instruction on an evading on foot offense when the evidence at trial was undisputed that the Defendant drove his car 250 feet after the officer told him not to drive away, and then abandoned the car and continued his flight on foot. *Powell*, 206 S.W.3d at 143. Because it was undisputed that the Defendant in *Powell* drove his car away from the stop, he could not have been convicted of evading on foot. *See also Hobbs*, 175 S.W.3d at 781.

In the present case Appellant does not admit at any time that he was the driver of the van. The testimony of Officer Carrion, the officer who initiated the stop did not include a positive identification of the driver, only a positive

30

identification of Appellant as a person who was arrested after having fled the vehicle. TR.2: 93, 95-96, 101. Officer Carrion testified that the driver was wearing a white shirt, and that the dispatch conversation mentioned that the driver was wearing a maroon shirt. TR.2: 112. Officer Carrion testified that it was possible that not all of the occupants of the van had been arrested. TR.2: 110-111.

Corporal Leuchner, the officer that arrested Appellant, testified that he encountered him hiding in the brush behind a house. TR.2: 114. He testified that Appellant was wearing a white shirt and red shorts when arrested. *Id.* at 117.

Officer Rey Medrano testified that he saw several individuals exit the van during the crash, and that it could have been more than three. TR.2: 129. He stated that he was told that the van's driver was wearing a maroon shirt. *Id.* 127.

Appellant's attorney in the federal alien smuggling case that arose out of the same incident, testified that although his client signed the stipulation and plea agreement, he was not convinced that Appellant was aware of the contents of the statements. TR.2: 75. He testified that in his experience criminal defendants are unwilling to challenge facts contained in plea stipulations even if they are not true because they hope to gain a reduction in offense levels at sentencing. *Id.*

The admission in the plea colloquy was part of the magistrate's findings and recommendations and not due to an admission by the Appellant of driving the vehicle. TR.2: 89. The statements attached to the stipulation were self-serving out

31

of court statements that Appellant could not challenge on cross-examination, which was the basis for Appellant's objection to the admission of State's Exhibit 2 at trial which was overruled. TR.2: 80-81.

In this case there is more than a scintilla of evidence meriting an instruction on a lesser included offense of evading on foot. A review of the evidence reveals that some of the evidence refutes or negates other evidence establishing the greater offense. *See Sweed*, 351 S.W.3d at 68. There is some dispute as to what the driver of the van was wearing. There is consensus by the arresting officers that one of the occupants of the van may have escaped. The Court should not consider the credibility of the evidence and whether it conflicts with other evidence or is controverted, only that there is some room for the trier of fact to interpret the evidence differently. *Goad v. State*, 354 S.W.3d 443, 447 (Tex.Crim.App. 2011). In this case, Appellant is able to demonstrate that reasonable minds could have found that he was not the driver based on the evidence presented at trial, meriting an instruction for evading on foot as a lesser included offense.

## II.  THE TRIAL COURT'S ERROR OF REFUSING TO INCLUDE AN INSTRUCTION ON THE LESSER INCLUDED OFFENSE IN THE JURY CHARGE WAS NOT HARMLESS.

Appellant need only show "some harm" because he properly preserved the error at trial. *Abdnor*, 871 S.W.2d at 731-32; Tex. Code Crim. Proc. Ann. art. 36.14 (West). Without the option of a lesser included offense, Appellant could

only be convicted of evading using a vehicle, a felony offense rather than a Class A Misdemeanor. The felony conviction for evading using a vehicle resulted in a finding that Appellant is a habitual felon subject to the mandatory minimum enhancements found at TEX. PEN. CODE § 12.42(d) requiring a mandatory punishment of twenty-five (25) years. TR.3: 67. Absent this error, Appellant would not have been subject to the mandatory minimum of twenty five years imprisonment mandated by TEX. PEN. CODE § 12.42 (d).

The exposure to greater liability at sentencing materially harmed Appellant as he would only have been subject to a maximum of one year in jail and a $4,000 fine for violation of a Class A misdemeanor. TEX. PEN. CODE § 12.21.

## III. THE TRIAL COURT ERRED BY ALLOWING APPELLANT'S ATTORNEY TO TESTIFY REGARDING FACTS THAT CAME TO HIS KNOWLEDGE THROUGH THE ATTORNEY-CLIENT RELATIONSHIP PURSUANT TO TEX. R. EVID. 503 (B)(2).

### A. The trial court erred by admitting the privileged statements of Appellant's criminal defense attorney for the related federal case into evidence.

The only direct evidence that Appellant was driving a vehicle, the key element of the offense came from his own attorney, J. Heil. TR.2: 74-86. Mr. Heil represented Appellant in his federal case for alien smuggling. *Id.* 77-78. Before Mr. Heil testified, Appellant's attorney invoked the attorney-client privilege on his behalf. *Id.* 56-57; *Carmona v. State*, 941 S.W.2d 949, 953 (Tex. Crim. App.

33

1997)(holding that the power to waive the attorney-client privilege belongs to the client, or his attorney or agent both acting with the client's authority). The trial court ruled that the privilege did not apply to matters stated in "open court" and overruled the objection. TR.2: 57.

Texas Rule of Evidence 503 governs the attorney-client privilege. *In re Small*, 346 S.W.3d 657, 663 (Tex. App. 2009)(stating that the attorney-client privilege protects confidential communications between client and counsel made for the purpose of facilitating the rendition of legal services from disclosure). The general rule protects "communications" between attorney and client, but there is a broader privilege that applies in criminal cases. TEX. R. EVID. 503(b)(1). In criminal cases, the client may invoke the privilege to prevent his attorney from testifying as to "any other fact which came to the knowledge of the lawyer . . . by reason of the attorney-client relationship." TEX. R. EVID. 503(b)(2) (emphasis added). The burden of establishing the privilege is on the party asserting it. *Strong v. State*, 773 S.W.2d 543, 552 (Tex. Crim. App. 1989).

### B.     The trial court's error in admitting privileged communications was not harmless.

Mr. Heil's only source of knowledge about the stipulation that Appellant signed came by reason of the attorney-client relationship. Appellant had an absolute privilege to prevent Mr. Heil from testifying regarding those facts, a

privilege he invoked. TR.2: 57; *Ates v. State*, 21 S.W.3d 384, 393 (Tex. App. 2000)(finding that discussions regarding plea bargains are confidential communications protected by the attorney-client privilege and may not be disclosed without the client's permission). Had the trial court excluded that evidence, there would have been no admission in evidence that Appellant drove the vehicle and the jury would have been left with only the conflicting accounts of the two officers, neither of whom identified him as the driver. TR.2: 101-102, 104-105, 112, 117, 127.

Accordingly, the trial court's ruling was not only an abuse of discretion, it resulted in harmful error. *Sanford v. State*, 21 S.W.3d at 347; *but see Kay v. State*, 340 S.W.3d 470, 474-75 (Tex. App.--Texarkana 2011, no pet.) (holding that trial court did not error in allowing attorney to testify about observations made by him while in the courtroom because any other person could testify about them).

## IV. THE TRIAL COURT ERRED BY USING A STATE JAIL FELONY CONVICTION AS A PREDICATE OFFENSE FOR A HABITUAL OFFENDER ENHANCEMENT UNDER TEX. PEN. CODE § 12.42 (D).

### A. A habitual felony enhancement cannot rely on a prior conviction for a state jail felony as a predicate offense.

The habitual offender enhancement is triggered by a finding that a defendant has "been finally convicted of two felony offenses," the second having occurred subsequent to the finality of the first. TEX. PEN. CODE § 12.42 (d). The Penal

Code explicitly bars consideration of a "state jail felony punishable under Section 12.35 (a) [of the Penal Code]" for enhancement purposes. *Id.*

Pursuant to TEX. PEN. CODE § 12.35 (a), a state jail felony "shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days." Under §12.35 (c), a state jail felony is punished as a third degree felony upon a finding that either a deadly weapon was used or exhibited during the commission of the offense, or the defendant has of a prior conviction of any felony under TEX. PEN. CODE § 20A.03 or § 21.02 or listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure. TEX. PEN. CODE ANN. § 12.35 (West). A state jail felony under § 12.35 can also be enhanced to second degree felony punishment under TEX. PEN. CODE ANN. § 12.425, upon a showing of a two previous qualifying felony convictions. TEX. PEN. CODE ANN. § 12.425 (West).

Whether a state jail felony is enhanced pursuant to § 12.35 (c) *or* § 12.425 is a relevant distinction for an enhanced state jail felony to be subject to the habitual offender enhancement. *State v. Webb*, 980 S.W.2d 924, 927 (Tex. App.—Fort Worth 1998) *aff'd* 12 S.W.3d 808 (Tex.Crim.App. 2000) (*citing Smith v. State*, 960 S.W.2d 372 (Tex.App.—Houston [1st Dist.] 1998, pet ref'd); *State v. White*, 959 S.W.2d 375, 377 (Tex. App. 1998)). The Court of Criminal Appeals has found that for sentencing enhancement purposes there are only two classifications of state

36

jail felonies: those punishable under section 12.35 (a) and those punishable under section 12.35 (c). *State v. Mancuso*, 919 S.W.2d 86, 88 (Tex.Crim.App. 1996). Thus, the key consideration for any predicate state jail felony used for enhancement pursuant to TEX. PEN. CODE § 12.42 (d), is whether it was enhanced based on § 12.35 (c).

### B. The 2009 Aggravated Assault Conviction was for a state jail felony punishable under TEX. PEN. CODE § 12.35 (a).

The two prior convictions presented in the indictment and considered by the Trial Court during sentencing were:

1) A conviction for aggravated sexual assault from the 49th District Court of Webb County, Texas in Cause Number 2002CRS60 dated May 13th, 2002; and

2) A conviction for aggravated assault with a deadly weapon in Cause Number 2009-CRM-000050-D3 from the 341st District Court of Webb County, Texas dated June 4, 2009. CR.1: 6-7

The aggravated assault conviction record indicates that Appellant pleaded guilty to a violation of TEX. PEN. CODE § 22.02 (a)(2), a state jail felony, to which he was sentenced to four years imprisonment. TR.4: 49-50. The judgment notes no enhancement for a finding of use of a deadly weapon, nor is there an indication that an enhancement was applied for any prior convictions. TR.4: 49.

37

The judgment contained special findings including: a credit for 207 days toward the total sentence and an order that the sentence run concurrently with a possession of a controlled substance conviction from Nueces County.

Because the judgment does not indicate any basis for an enhancement under § 12.35 (c), the fact that Appellant received punishment outside of the normal range of punishment for a § 12.35 (a) state jail felony does not establish that his conviction can be used as a predicate offense for § 12.42 (d) purposes. It is possible that his 2009 sentence was enhanced under § 12.425 (or the previous habitual state jail felony enhancement provision, § 12.42(a)(2)). The judgment unequivocally states that he was convicted of a state jail felony and that no enhancement was applicable for use of a deadly weapon, and that there were no enhancements for prior convictions indicated in the indictment. TR.4: 49.

What is certain is that absent a clear indication that Appellant's 2009 sentence was an aggravated state jail felony under § 12.35 (c), his 2009 conviction cannot serve as a predicate offense for an enhancement under § 12.42 (d). The binding precedent of the Court of Criminal Appeals recognizes the importance of the distinction between the method of enhancement of a state-jail felony for the purposes of the habitual offender statute, and it is clear that only a state jail felony enhanced under § 12.35 (c) meets the statutory requirement. *White*, 959 S.W.2d at 377; *Mancuso*, 919 S.W.2d at 88; *Webb*, 980 S.W.2d at 927.

38

**C.    Appellant's conviction was illegal because it exceeded the range of punishment authorized by law.**

A conviction obtained using an improper enhancement is illegal if it is outside the range of punishment authorized by law. *Ex Parte Parrott*, 396 S.W.3d 531 (Tex.Crim.App. 2013) (internal citations omitted); *Wilkerson v. State*, 927 S.W.2d 112, 115 (Tex. App.—Houston [1ˢᵗ Dist.] 1996, no pet.).

A third degree felony may be enhanced to punishment for a second degree felony upon a finding of a prior conviction for a qualifying felony pursuant to TEX. PEN. CODE § 12.42 (a).    A second degree felony is punishable with imprisonment of not less than two (2) years and not more than twenty (20) years. TEX. PEN. CODE § 12.33 (a).

The Court of Criminal Appeals has found that the operation of the habitual offender enhancement statute found at TEX. PEN. CODE § 12.42 is mandatory, and strips the trial court judge of discretion at sentencing once the predicate offenses have been determined. *State v. Allen*, 865 S.W.2d 472, 474 (Tex. Crim. App. 1993)(holding that the mandatory operation of Section 12.42(d) restricts the discretion of the sentencing authority once the facts of two prior felonies are found to be true).    Under TEX. PEN. CODE § 12.42 (d), a person convicted of a felony offense other than a state jail felony, who has been convicted of two previous felonies (state jail felonies excluded), *shall* be imprisoned for a mandatory term of at least twenty five (25) years to life.

Had Appellant been subjected to enhancement based solely upon the 2002 first degree felony, he would have been subject to a maximum of 20 years imprisonment under §§ 12.42 (a) and 12.33. This is five years less than the mandatory minimum to which he was subjected under § 12.42 (d) and eighteen years less than his actual sentence.

The enhanced sentence is illegal because it relies upon a state jail felony, and is therefore not authorized by law. *See Ex parte Harris*, 495 S.W.2d at 232; *Mizell v. State*, 119 S.W.3d at 806. Appellant's illegal sentence is fundamental error, voiding his sentence *ab initio. Harvill v. State*, 13 S.W.3d at 482; *Ex Parte Hill*, 528 S.W.2d at 126. Because this error caused Appellant harm, his illegal sentence must be vacated, and his case remanded for re-sentencing.

## V. THE OFFENSE LEVEL FOR A VIOLATION OF EVADING WITH A VEHICLE IN VIOLATION OF TEX. PEN. CODE § 38.04 (B) IS PROPERLY A STATE JAIL FELONY AND NOT A THIRD DEGREE FELONY.

### A. Appellant was convicted of a third degree felony for evading arrest using a vehicle absent any aggravating factors involving serious injury to another or previous conviction under Tex. Pen. Code § 38.04.

Appellant was convicted under TEX. PEN. CODE § 38.04 (b)(2)(A), a third degree felony. CR.1: 6-7, 130-134. The indictment alleges that Appellant used a

vehicle to evade arrest, but not that anyone was hurt or that he had a prior conviction under § 38.04.

The date of Appellant's the alleged offense is July 19, 2013, meaning that the 2011 amendments to the statute were in effect at the time of his arrest. The indictment was filed on March 6, 2014. CR.1: 6. The trial began on September 2, 2014. TR.2: 65. The trial court issued its sentence on September 3, 2014. TR.3: 67. During the time of the indictment, trial, and sentencing, the current version of the statute was in effect.

**B.     The text of Texas Penal Code § 38.04 is ambiguous on its face because the competing amendments from the 82nd Legislature cannot be reconciled under the Texas Code Construction Act.**

TEX. PEN. CODE § 38.04 has been amended several times during the past five years, most significantly in 2011, when the legislature amended it three times during the legislative session, resulting in two conflicting offense classifications for evading arrest using a vehicle. Under the previous statute, re-enacted by Senate Bill 496 (SB 496) and House Bill (HB 3423) 3423, evading with a vehicle is a state jail felony, while under Senate Bill 1416 (SB 1416), evading with a vehicle is a third degree felony. *Adetomiwa v. State*, 421 S.W.3d 922, 925-26 (Tex.App. 2014).

41

The legislative history of the 2011 amendments to TEX. PEN. CODE §
38.04 is murky, but it has been explained by other courts. *Adetomiwa*, 421 S.W.3d
at 925-26. The following table provides a side-by-side comparison[2]:

| Legislative Bill from the 82nd Legislature. | Senate Bill 496, Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Sess. Law Serv. 1046, 1046 (West) | House Bill 3423, Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, 2011 Tex. Sess. Law Serv. 2110, 2111 (West) | Senate Bill 1416, Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2320, 2320–21 (West) |
|---|---|---|---|
| **Date Enacted** | May 23, 2011 | May 24, 2011 | May 27, 2011 |
| **Substantive Amendments** | Adds the term "watercraft" to the type of transportation an | Adds "federal special investigator" to the type of individual | Changes the punishment scheme to enhance punishment for |

---

[2]  The Text of the Legislative Bills have been provided to the Court as an Appendix to this Brief. The subsequent amendment to § 38.04 from the 83rd Legislature was achieved via S.B. 1093, titled "Nonsubstantive Additions to and Corrections in Enacted Codes, to the Nonsubstantive Codification or Disposition of Various Laws Omitted from Enacted Codes, and to Conforming Codifications Enacted by the 82nd Legislature to Other Acts of that Legislature". *See* 2013 Tex. Sess. Law Serv. Ch. 161 (S.B. 1093) (Vernon's).  At Article 22, Section 22.001 (38) of S.B. 1093, the Senate directs that "Subdivision (2), Subsection (c), Section 38.04, Penal Code, as added by Chapter 391 (S.B. 496), Acts of the 82nd Legislature, Regular Session, 2011, is redesignated as Subdivision (3), Subsection (c), Section 38.04, Penal Code."  The amendment did not affect the classification of the offense of evading using a vehicle. *Id.*

| | | |
|---|---|---|
| | actor may use "in flight". *Id.* at 926. | a person may be fleeing from for purposes of the offense. *Id.* at 926. | evading using a vehicle from state jail felony to third degree felony, regardless of prior conviction. *Id.* at 926. |

Other appellate courts have attempted to reconcile the confusing amendments to § 38.04 in an effort to determine whether evading with a vehicle without a prior conviction is properly classified as a state jail felony or a third degree felony. *See Adetomiwa*, 421 S.W.3d at 924-27; *Mims v. State,* 434 S.W.3d 265, 269-70 (Tex.App.—Houston [1st Dist.] 2014, no pet. h.)

In *Adetomiwa*, the Fort Worth court applied the Code Construction Act, found at Texas Government Code Chapter 311, to determine whether the statute is ambiguous, and if not, whether the different amendments could be reconciled. *Adetomiwa,* 421 S.W.3d at 926. The Fort Worth court concluded that under TEX. GOV'T CODE § 311.025 (b), the amendments were not irreconcilable, because each amendment made a change that the others did not, resulting in a consistent reading of the statute where the punishment for evading with a vehicle is classified

as a third degree felony. *Id.* The *Adetomiwa* court further found that even if the provisions had been found to be irreconcilable, the amendment last enacted would prevail under TEX. GOV'T. CODE § 311.025 (c). The Houston Appellate Court found that amendments were irreconcilable, but adopted the same "last enacted" reasoning as *Adetomiwa*. *Mims v. State*, 434 S.W.3d at 270.

**C.  The Court should not follow the decisions of the Houston and Fort Worth courts of appeals, because the rule of lenity dictates that an ambiguous statute should be interpreted in favor of the Appellant.**

Despite the statutory arguments forwarded by the Fort Worth and Houston Courts, this Court should decline to apply the third degree felony classification that resulted from the ambiguity injected into the statutory language by the 82nd legislature. The Court should instead rely on application of the rule of lenity to interpret the facially ambiguous provisions of TEX. PEN. CODE § 38.04 in favor of the Appellant, and allow him to be sentenced to a state jail felony for the offense of evading with a vehicle.

The Code Construction Act states in its general provisions that it is not the exclusive source of rules for interpretation of statutes, but instead in meant to "describe and clarify common situations in order to guide preparation and construction of codes." TEX. GOV'T CODE § 311.003.

The rule of lenity is a common law principle that proposes that when courts "must choose between two reasonable readings of a statute to determine what conduct the legislature intended to punish, courts apply the policy of lenity and adopt the less harsh meaning." *Cuellar v. State*, 70 S.W.3d 815, 821-22 (Tex. Crim. App. 2002). The Court of Criminal Appeals recognized that Texas has long adopted the rule of lenity, holding that:

> "[T]he doctrine is fundamental in English and American law that there can be no constructive offenses; that, before a man can be punished, his case must be plainly and unmistakably within the statute, *and, if there be any fair doubt whether the statute embraces it, that doubt is to be resolved in favor of the accused."*

*Cuellar*, 70 S.W.3d at 822 (quoting *Murray v. State*, 21 Tex.App. 620, 633, 2 S.W. 757, 761 (1886) (emphasis in original)). While the Texas Penal Code is not to be strictly construed, it "shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code." TEX. PEN. CODE § 1.05(a); *Ex parte Forward*, 258 S.W.3d 151, 154 (Tex. Crim. App. 2008).

It is clear that the two different offense categories applied to evading with a vehicle by SB 496, HB 3423, and SB 1416 are not reconcilable on their face. While SB 496 and HB 3423 mandate that evading with a vehicle is a state jail felony absent a prior conviction, SB 1416 classifies the offense as a third degree felony for the first offense. The competing provisions are published in the official reporter of Texas Statutes, adding to the confusion of the public who must receive

45

fair notice of the penalties associated with the commission of a criminal act. *Crandon v. United States*, 494 U.S. 152, 158, 110 S. Ct. 997, 1002, 108 L. Ed. 2d 132 (1990) (stating that the rule of lenity serves to ensure that there is fair warning of the boundaries of criminal conduct). The fact that the statute currently publishes both versions of the offense of evading with a vehicle undermines the conclusion that the previous amendments were invalidated by the subsequent adoption of SB 1416.

Moreover, the offense classification provisions from the three amendments are not subject to differing interpretations of terms, but rather prescribe different penalties for the exact same conduct. This type of conflicting construction can only be resolved equitably relying on the principle that Appellant should be subject to the lesser punishment.

> **D.** **Appellant's voidable conviction of a third degree felony instead of a state jail felony subjected him to the habitual offender mandatory minimum sentencing enhancement.**

The finding that Appellant is a habitual felon subject to the mandatory minimum enhancements found at TEX. PEN. CODE § 12.42 (d) required a third degree felony conviction. CR.1: 130-34. If Appellant had been convicted under the SB 496 and HB 3423 versions of § 38.04, he would have been convicted of a state jail felony and not be subject to the mandatory habitual offender

enhancements of TEX. PEN. CODE § 12.42 (d). The maximum punishment available for a state jail felony with the enhancements found at TEX. PEN. CODE § 12.425 would have been twenty years, or the maximum punishment allowed for a second degree felony pursuant to TEX. PEN. CODE § 12.33 (a). This is five years less than the mandatory minimum to which he was subjected under § 12.42 (d) and eighteen years less than his actual sentence.

The enhanced sentence is illegal because it relies upon an ambiguous statute, and is therefore not authorized by law. *See Ex parte Harris*, 495 S.W.2d at 232; *Mizell v. State*, 119 S.W.3d at 806. Appellant's illegal sentence is fundamental error, voiding his sentence *ab initio. Harvill v. State*, 13 S.W.3d at 482; *Ex Parte Hill*, 528 S.W.2d at 126. Because this error caused Appellant harm, his illegal sentence must be vacated, and his case remanded for re-sentencing.

### VI.  CONCLUSION

The trial court erred in refusing to include an instruction for a lesser included offense of evading arrest on foot in the jury charge, which could have been supported by the evidence presented at trial. Because the trial court's error in refusing to permit a instruction for a lesser included offense of evading on foot resulted in material harm to Appellant, his sentence should be vacated, and he should be granted a new trial.

The trial court further erred by allowing privileged testimony from Appellant's attorney in the related criminal case into evidence. Had the trial court excluded this evidence, there would have been no direct evidence that Appellant was the driver of the vehicle. The trial court's error caused significant material prejudice, meriting reversal.

The trial court further erred by relying on a state jail felony conviction as a predicate offense for a habitual offender enhancement under TEX. PEN. CODE § 12.42 (d). The trial court's error caused Appellant material harm as it resulted in an illegal mandatory minimum sentence in excess of the maximum penalty to which he would have been otherwise subjected. His sentence should be vacated and his case remanded for re-sentencing.

The trial court finally erred by sentencing Appellant to a third-degree felony for evading with a vehicle, when he was eligible for, at the maximum, a state jail felony. The trial court's error caused Appellant material harm as it resulted in an illegal mandatory minimum sentence in excess of the maximum penalty to which he would have been otherwise subjected. His sentence should be vacated and his case remanded for re-sentencing.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court vacate the trial court's judgment of guilt and grant him a new trial. In the alternative, Appellant prays that this Court vacate the trial court's sentence and remand his case for re-sentencing, or for such relief to which he may be entitled.

Respectfully submitted,

**/s/ Abner Burnett**
Abner Burnett
SBOT: 24065265
Email: aburnett@trla.org

**/s/ Celestino A. Gallegos**
Celestino A. Gallegos
Email: cgallegos@trla.org
SBOT: 24040942

Beeville Regional Public Defender
331A North Washington
Beeville, TX 78102
Tel: (361) 358-1925
Fax: (361) 358-5158
*Attorneys for Appellant*

49

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief was served on the 156th Judicial District Attorney by e-filing notification on January 27, 2015.

**/s/ Celestino A. Gallegos**
Celestino A. Gallegos

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the Texas Rule of Appellate Procedure 9.4. The computer-generated word count for this document is 9,210 words, including headers and footers.

**/s/ Celestino A. Gallegos**
Celestino A. Gallegos

**APPENDIX**

LEGISLATIVE HISTORY OF TEXAS PENAL CODE § 38.04

FROM THE 82ND LEGISLATURE

2011 Tex. Sess. Law Serv. Ch. 391 (S.B. 496) (VERNON'S)

VERNON'S TEXAS SESSION LAW SERVICE 2011

Eighty-Second Legislature, 2011 Regular Session

Additions are indicated by **Text**; deletions by ~~Text~~ .
Vetoes are indicated by ~~Text~~ ;
stricken material by **Text** .

CHAPTER 391
S.B. No. 496
PUNISHMENT FOR THE OFFENSE OF EVADING ARREST OR DETENTION

AN ACT
relating to the punishment for the offense of evading arrest or detention.

Be it enacted by the Legislature of the State of Texas:

SECTION 1. Subsections (b) and (c), Section 38.04, Penal Code, are amended to read as follows:

<< TX PENAL § 38.04 >>

(b) An offense under this section is a Class A misdemeanor, except that the offense is:

   (1) a state jail felony if:

      (A) the actor has been previously convicted under this section; or

      (B) the actor uses a vehicle **or watercraft** while the actor is in flight and the actor has not been previously convicted under this section;

   (2) a felony of the third degree if:

      (A) the actor uses a vehicle **or watercraft** while the actor is in flight and the actor has been previously convicted under this section; or

      (B) another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

   (3) a felony of the second degree if another suffers death as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight.

(c) In this section**:**

   **(1) "Vehicle"**[, "vehicle" ] has the meaning assigned by Section 541.201, Transportation Code.

   **(2) "Watercraft" has the meaning assigned by Section 49.01.**

<< Note: TX PENAL § 38.04 >>

SECTION 2. The change in law made by this Act applies only to an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is covered by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date.

SECTION 3. This Act takes effect September 1, 2011.

Passed the Senate on April 13, 2011: Yeas 31, Nays 0; passed the House on May 23, 2011: Yeas 142, Nays 0, one present not voting.

Approved June 17, 2011.
Effective September 1, 2011.

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

2011 Tex. Sess. Law Serv. Ch. 839 (H.B. 3423) (VERNON'S)

VERNON'S TEXAS SESSION LAW SERVICE 2011

Eighty-Second Legislature, 2011 Regular Session

Additions are indicated by **Text**; deletions by ~~Text~~ .
Vetoes are indicated by ~~Text~~ ;
stricken material by **Text** .

CHAPTER 839

H.B. No. 3423

CERTAIN CRIMINAL OFFENSES COMMITTED IN RELATION TO A
FEDERAL SPECIAL INVESTIGATOR; PROVIDING CRIMINAL PENALTIES

AN ACT

relating to certain criminal offenses committed in relation to a federal special investigator; providing criminal penalties.

Be it enacted by the Legislature of the State of Texas:

SECTION 1. Section 1.07(a), Penal Code, is amended by adding Subdivision (46–b) to read as follows:

<< TX PENAL § 1.07 >>

**(46–b) "Federal special investigator" means a person described by Article 2.122, Code of Criminal Procedure.**

SECTION 2. The heading to Section 37.08, Penal Code, is amended to read as follows:

<< TX PENAL § 37.08 hd. >>

Sec. 37.08. FALSE REPORT TO PEACE OFFICER**, FEDERAL SPECIAL INVESTIGATOR,** OR LAW ENFORCEMENT EMPLOYEE.

SECTION 3. Section 37.08(a), Penal Code, is amended to read as follows:

<< TX PENAL § 37.08 >>

(a) A person commits an offense if, with intent to deceive, he knowingly makes a false statement that is material to a criminal investigation and makes the statement to:

(1) a peace officer **or federal special investigator** conducting the investigation; or

(2) any employee of a law enforcement agency that is authorized by the agency to conduct the investigation and that the actor knows is conducting the investigation.

SECTION 4. Sections 38.04(a) and (b), Penal Code, are amended to read as follows:

<< TX PENAL § 38.04 >>

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer **or federal special investigator** attempting lawfully to arrest or detain him.

(b) An offense under this section is a Class A misdemeanor, except that the offense is:

(1) a state jail felony if:

(A) the actor has been previously convicted under this section; or

(B) the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section;

(2) a felony of the third degree if:

(A) the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section; or

(B) another suffers serious bodily injury as a direct result of an attempt by the officer **or investigator** from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

(3) a felony of the second degree if another suffers death as a direct result of an attempt by the officer **or investigator** from whom the actor is fleeing to apprehend the actor while the actor is in flight.

SECTION 5. The heading to Section 38.14, Penal Code, is amended to read as follows:

<< TX PENAL § 38.14 hd. >>

Sec. 38.14. TAKING OR ATTEMPTING TO TAKE WEAPON FROM PEACE OFFICER, **FEDERAL SPECIAL INVESTIGATOR,** EMPLOYEE OR OFFICIAL OF CORRECTIONAL FACILITY, PAROLE OFFICER, COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT OFFICER, OR COMMISSIONED SECURITY OFFICER.

SECTION 6. Sections 38.14(b), (c), (d), and (e), Penal Code, are amended to read as follows:

<< TX PENAL § 38.14 >>

(b) A person commits an offense if the person intentionally or knowingly and with force takes or attempts to take from a peace officer, **federal special investigator,** employee or official of a correctional facility, parole officer, community supervision and corrections department officer, or commissioned security officer the officer's, **investigator's,** employee's, or official's firearm, nightstick, stun gun, or personal protection chemical dispensing device with the intention of harming the officer, **investigator,** employee, or official or a third person.

(c) The actor is presumed to have known that the peace officer, **federal special investigator,** employee or official of a correctional facility, parole officer, community supervision and corrections department officer, or commissioned security officer was a peace officer, **federal special investigator,** employee or official of a correctional facility, parole officer, community supervision and corrections department officer, or commissioned security officer if:

(1) the officer, **investigator,** employee, or official was wearing a distinctive uniform or badge indicating his employment; or

(2) the officer, **investigator,** employee, or official identified himself as a peace officer, **federal special investigator,** employee or official of a correctional facility, parole officer, community supervision and corrections department officer, or commissioned security officer.

(d) It is a defense to prosecution under this section that the defendant took or attempted to take the weapon from a peace officer, **federal special investigator,** employee or official of a correctional facility, parole officer, community supervision and corrections department officer, or commissioned security officer who was using force against the defendant or another in excess of the amount of force permitted by law.

(e) An offense under this section is:

(1) a felony of the third degree, if the defendant took a weapon described by Subsection (b) from an officer, **investigator,** employee, or official described by that subsection; and

(2) a state jail felony, if the defendant attempted to take a weapon described by Subsection (b) from an officer, **investigator,** employee, or official described by that subsection.

SECTION 7. This Act takes effect September 1, 2011.

Passed by the House on May 13, 2011: Yeas 144, Nays 0, 1 present, not voting; passed by the Senate on May 24, 2011: Yeas 31, Nays 0.

Approved June 17, 2011.
Effective September 1, 2011.

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

2011 Tex. Sess. Law Serv. Ch. 920 (S.B. 1416) (VERNON'S)

VERNON'S TEXAS SESSION LAW SERVICE 2011

Eighty-Second Legislature, 2011 Regular Session

Additions are indicated by **Text**; deletions by ~~Text~~ .
Vetoes are indicated by ~~Text~~ ;
stricken material by **Text** .

CHAPTER 920

S.B. No. 1416

CREATION OF THE OFFENSE OF POSSESSION, MANUFACTURE, TRANSPORTATION, REPAIR, OR SALE OF A TIRE DEFLATION DEVICE AND TO THE OFFENSE OF ATTEMPTING TO EVADE ARREST THROUGH THE USE OF A VEHICLE OR A TIRE DEFLATION DEVICE; PROVIDING CRIMINAL PENALTIES

AN ACT

relating to the creation of the offense of possession, manufacture, transportation, repair, or sale of a tire deflation device and to the offense of attempting to evade arrest through the use of a vehicle or a tire deflation device; providing criminal penalties.

Be it enacted by the Legislature of the State of Texas:

SECTION 1. Section 46.01, Penal Code, is amended by adding Subdivision (17) to read as follows:

<< TX PENAL § 46.01 >>

**(17) "Tire deflation device" means a device, including a caltrop or spike strip, that, when driven over, impedes or stops the movement of a wheeled vehicle by puncturing one or more of the vehicle's tires. The term does not include a traffic control device that:**

**(A) is designed to puncture one or more of a vehicle's tires when driven over in a specific direction; and**

**(B) has a clearly visible sign posted in close proximity to the traffic control device that prohibits entry or warns motor vehicle operators of the traffic control device.**

SECTION 2. Subsections (a), (d), and (e), Section 46.05, Penal Code, are amended to read as follows:

<< TX PENAL § 46.05 >>

(a) A person commits an offense if **the person** [~~he~~ ] intentionally or knowingly possesses, manufactures, transports, repairs, or sells:

(1) an explosive weapon;

(2) a machine gun;

(3) a short-barrel firearm;

(4) a firearm silencer;

(5) a switchblade knife;

(6) knuckles;

(7) armor-piercing ammunition;

(8) a chemical dispensing device; [or ]

(9) a zip gun**; or**

**(10) a tire deflation device**.

(d) It is an affirmative defense to prosecution under this section that the actor's conduct:

(1) was incidental to dealing with a switchblade knife, springblade knife, [or ] short-barrel firearm**, or tire deflation device** solely as an antique or curio; [or ]

(2) was incidental to dealing with armor-piercing ammunition solely for the purpose of making the ammunition available to an organization, agency, or institution listed in Subsection (b)**; or**

**(3) was incidental to dealing with a tire deflation device solely for the purpose of making the device available to an organization, agency, or institution listed in Subsection (b)**.

(e) An offense under **Subsection (a)(1), (2), (3), (4), (7), (8), or (9)** [this section ] is a felony of the third degree [unless it is committed under Subsection (a)(5) or (a)(6), in which event, it is a Class A misdemeanor ]. **An offense under Subsection (a) (10) is a state jail felony. An offense under Subsection (a)(5) or (6) is a Class A misdemeanor.**

SECTION 3. Subsections (b) and (c), Section 38.04, Penal Code, are amended to read as follows:

<< TX PENAL § 38.04 >>

(b) An offense under this section is a Class A misdemeanor, except that the offense is:

(1) a state jail felony if[:

[(A) ] the actor has been previously convicted under this section; [or

[(B) the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section; ]

(2) a felony of the third degree if:

(A) the actor uses a vehicle while the actor is in flight [and the actor has been previously convicted under this section ]; [or ]

(B) another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

**(C) the actor uses a tire deflation device against the officer while the actor is in flight; or**

(3) a felony of the second degree if**:**

**(A)** another suffers death as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight**; or**

**(B) another suffers serious bodily injury as a direct result of the actor's use of a tire deflation device while the actor is in flight**.

(c) In this section**:**

**(1) "Vehicle"**[, "vehicle" ] has the meaning assigned by Section 541.201, Transportation Code.

**(2) "Tire deflation device" has the meaning assigned by Section 46.01.**

<< Note: TX PENAL § 38.04 >>

SECTION 4. Section 38.04, Penal Code, as amended by this Act, applies only to an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before the effective date of this Act if any element of the offense occurred before that date.

SECTION 5. This Act takes effect September 1, 2011.

Passed the Senate on April 11, 2011: Yeas 31, Nays 0; the Senate concurred in House amendment on May 27, 2011: Yeas 31, Nays 0; passed the House, with amendment, on May 20, 2011: Yeas 147, Nays 0, two present not voting.

Approved June 17, 2011.
Effective September 1, 2011.

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.